IN THE UNITED STATES DISTRICT COURT

Cr. A 0010006075

Petition for Habeas Corpus

Comes now, The Petitioner Alonzo Cannon pro'se and moves this Honorable Court to grant this Habeas Corpus for the following reasons:

Wherefore, due to the foregoing reasons the petitioner requests that this Habeas Corpus be granted and an order issued for his release

Date: 8-07-05



FILED
AUG - 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

05-577

## Page Number of Exhibits

Mandate, by Supreme Court . . . . . . . 44
CPL. Layfields Investigative Narrative (in part) . . . . . . 45
Pre. Hearing Transcripts, CPL. Layfield . . . . . . . 46-48
Indictment Information . . . . . . . . 49-50
Sup. Hearing Transcripts, CPL. Layfield . . . . . . . 51-52
Trial Transcripts, CPL. Layfield . . . . . . . 53-76
Trial Transcripts, Marshay Smalls . . . . . . . 77-84
Sup. Hearing Transcripts, Tim Jones . . . . . . . 85-90
Trial Transcripts, Tim Jones . . . . . . . 91-96
Trial Transcripts, Priscilla Barnes . . . . . . . 97-105
Trial Transcripts, CPL. Warren . . . . . . . 106-109
Sup. Hearing Transcripts, Judges Decision (in part) . . . . 110-116
Trial Transcripts, Jury Instruction (in part) . . . . . 117-134
Trial Transcripts comments by prosecutor . . . . . 135-139
Results of the judy's verdict . . . . . . . 140-142

# Table of Contents

| | |
|---|---|
| Table of Contents . . . . . . . . | I |
| Page Number of Exhibits . . . . . . | II |
| Table of Citations . . . . . . . | III, IV |
| Ground 1A, Ineffective Assistance of counsel . . | 1-3 |
| Ground 1B, Ineffective Assistance of counsel . . | 3-8 |
| Ground 1C, Ineffective Assistance of counsel . . | 8-13 |
| Ground 1D, Ineffective Assistance of counsel . . | 13-17 |
| Ground 2A, Prosecutor Misconduct . . . . | 17-22 |
| Ground 2B, Prosecutor Misconduct . . . . | 22-27 |
| Ground 2C, Prosecutor Misconduct . . . . | 27-30 |
| Ground 3, Use of a false testimony . . . | 30-33 |
| Ground 4, Miranda Violation . . . . | 33, 43 |

# Table of Citations

Cases:

| | |
|---|---|
| U.S. vs Tarricone | 996 F.2d 1414 |
| Strickland vs Washington | 466 U.S. 668 104 S.ct |
| Berryman vs Morton | 100 F.3d 1089 |
| U.S. vs Tucker | 716 F.2d 576 |
| Outten vs Delaware | 720 A.2d 547 |
| Miranada vs Arizona | 384 U.S. 436 |
| U.S. vs Bayer | 331 U.S. 532 |
| Oregan vs Elstad | 470 U.S. 298 |
| Goodwin vs Balkcom | 684 F.2d 794 |
| Harrison vs U.S. | 392 U.S. 219 |
| Commonwealth vs Alston | 243 A.2d 404 |
| Trump vs State | 753 A.2d 963 |
| Hughes vs State | 437 A.2d 559 |
| Greenburg vs U.S. | 280 F.2d 472 |
| State vs Fullwood | 484 A.2d 435 |
| Mathis vs U.S. | 513 A.2d 1349 |
| Dyson vs U.S. | 418 A.2d 127 |
| Fensterer vs State Del | 509 A.2d 1106 |
| State vs Ubaldi | 462 A.2d 1001 |

# Table of Citations

Cases:

| Case | Citation |
|---|---|
| State vs Oehman | 562 A.2d 493 |
| State vs Messick | 499 A.2d 32 |
| Medina vs Barnes | 71 F.3d 363 |
| Nepue vs People of Ill | 360 U.S. 264 |
| Com vs Clanton | 151 A.2d 88 |
| Com vs Rose | 251 A.2d 815 |
| U.S. vs Weiler | 143 F.2d 204 |
| State vs Rose | 558 A.2d 1017 |
| Rawlings vs Kentucky | 448 U.S. 98 |

Note: All cases are in order as they appear in the arguments.

## Ground 1A

The petitioner argues that he was denied the right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution due to counsels failure to investigate and develop mitigating evidence, being a expert in hand writing. The petitioner argues that his trial counsels failure to get a handwriting expert to give his or her opinion on a letter, and enevolope. Which was introduced during trial by authenication of a states witness, was unreasonable because of the paramount importance at trial of the testimony of the states witness that stated "the handwriting was the petitioners". Which without the expert in handwriting, giving his or her opinion, on the letter and enewlope was presented under the authenication of the testimony of Marshay Smalls. Which the testimony was left undisputed because of a lack of effective assistance of counsel. See (pg. 84) which indicates, that the states attorney seeked to admit the letter, and enevolope by authenication of Marshay Smalls opinion.

The petitioner argues in this case counsel failed, after being given every opportunity to provide, an expert opinion to dispute, that the handwriting was not the movants handwriting, but critically failed to do so which prejudiced the movants defense as a result of his omission. See (proof of counsels omission pg 70). See (U.S. vs. Tarricone 996 F.2d 1414. Which touches on the prejudices amounting from not providing the court with the experts

pg. 1

opinion.

    The petitioner argues that it is at least plausible that if an expert would have provided his opinion that the handwriting was not the petitioners, or even if the expert would have stated that he or she was unable to determine, the damaging letter and envelope would not have been entered into evidence. The petitioner now argues, had an expert in handwriting testified that the handwriting was not the petitioners, or if he or she was unable to determine whom authored the letter and envelope. It would have at the very least cast serious doubt, on the credibility of the states witnesses, that was used to authenicate the letter and envelope.

    The petitioner now closes this argument of ineffective assistance of counsel, holding to satisfy the pronged test of (Strickland vs. Washington 466 U.S. 668 104 S.Ct 2052). Stating he has shown the cause of the ineffective assistance of counsel. Which was counselors failure to provide the court with an experts opinion on the handwriting, after he was given at least two chances by the state.

    The petitioner states the omission by his counsel was prejudical to the movants, defense because the omission left the alleged authenication by Marsha Smalls undisputed, which in turn the letter and envelope that was prejudical to the petitioner defense, was entered into evidence based on her and Priscilla Barnes authenication. See (pg 102) and also see (pg. 104, 105) for when the evidence was actually entered into evidence.

The petitioner argues if counsel was acting as counsel guaranteed by the 6th Amendment. It is likely the results of the petitioners proceedings would have been different. Which brings the petitioner to state he should be awarded relief from his conviction, and the sentence imposed because he was prejudiced by his counsels omission, an omission so prejudical it denied the petitioner his 6th Amend. Const. Right.

### Ground 1B

The petitioner argues that he was denied his right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the actual trial. The counsel representing the petitioner fell below an objective standard of reasonableness. Due to counsel having in his possession prior written documents to review, and prepair for trial. The documents pretaining to this issue, was officer Layfields investigative narrative. Layfield report states, he was not the officer whom weighed, and tested the drugs. The Report says officer Messick weighed and tested the drugs. See (pg. 45 vs pg. 71-75) officer Layfields testimony during trial see (pg. 71-75). Also see officer Layfields preliminary hearing testimony (pg. 46-48). The petitioner argues the officer clearly answered the questions, during trial, implying that he was the officer whom weighed, and tested the drugs. Which makes one or both the statements false.

The petitioner wants the court to recognize, who was asking the question during trial. This is due to the fact the petitioner is alleging, that his trial counsel had prior written documents, from officer Layfield. Clearly acknowledging that officer Messick was

pg. 3

the officer who weighed and tested the drugs. Which profoundly indicates from a reflection of his trial counsels, performance that, one counselor did not review the documents provided by the state. Two counselor simply forgot what he "Quote un Quote" presumptively took time to review. Or three counselor choose to confront Officer Layfield as if he was the officer who weighed and tested the evidence. When their was evidence that stated otherwise. The petitioner argues if option three was counselors choice of action. Then the petitioner has to state his motive made absolutely no strategic sense agreeing with the justices in Berryman VS. Morton 100 F.3d 1089. Holding "there is no way in which the failure to confront a witness with prior inconsistent statements can be justified as a sound trial strategy or a reasonable strategy choice".

The petitioner argues that the omission by his trial, to review the documents, and or prepair for trial based on his performance at trial. Prejudiced the petitioners defense, because it allowed the officer to use a false testimony to enter evidence, being presented under a proper chain of custody, based on officer Layfields false testimony. See (U.S. vs Tucker 716 F.2d 576). The petitioner cannot stress enough, that his counsel had in his possession for an extended amount of time documents. Documents that clearly at the least, would have contridicated the officers entire testimony about the handling of evidence in this case. Then as result of bringing the inconsistencies to the courts attention. The evidence would not have been allowed, because a chain of custody could not have

been established. Which inturn the case would have been dropped because their would not have been any evidence.

The petitioner now will give a better understanding of his argument. Using (Outten vs. State Del. Super. 720 A.2d 547). Holding " a defendant challenging actions of his counsels omission has the burden of supplying precisely what information would have been obtained had counsel undertaken the desired investigation". Had the petitioners counsel taken the desired investigation. As stated previously the information that would have been obtained would precisely be a implication, leading to the result, of officer Layfields trial testimony vs. his prior statements. Which would establish that officer Layfield was knowingly and willingly, intending to present a authenrication, and justification for evidence, with a false testimony. As a result of the officers false testimony, coming to the surface it is a reasonable probability that the evidence. Entered under the officers testimony, would not have been admitted as evidence. Due to the states inability, to establish a proper chain of custody, and or authenrication, because the witness the state was using for this purpose, would have been found to be testifying falsely, about issues pertaining to the merits he was justifying.

The petitioner argues the egregious omission of his trial counsel, not only deprived the movant the 6th Amendment right to effective assistance of counsel. The omission by the petitioners counsel also deprived the jury and or the judge the opportunity to fairly and fully asses the accuracy of the officers testimony. Now to futher state the ineffectiveness of trial counsel, also denied the judge and or the jury the opportunity to determine the

honesty, of the officers testimony.

Which in this case the officers false testimony was impeachable. Further stating if this impeachable testimony by officer Layfield was attacked by his counsel their is a reasonable probability the evidence of drugs would not have been entered into evidence. Which as stated before would caused the state to drop the charges because of a lack of evidence.

Now moving further into argument, of ineffective assistance of counsel. Based on counsel not using the officers prior written statements, statements to impeach the officers false testimony, or just use the statements to destroy the officers credibility. Instead the officer used his false testimony to establish a foundation for the chain of custody of evidence, authenication of evidence, and the officer also used the false testimony to justify, what may have happen to the discrepancy of evidence from the time of arrest, to when the evidence was presented at trial. See (pg 71-75) which indicates the officers, use of his false testimony to make excuses, for the discrepancy of the evidence. Which without dispute, the court as a result was satisfied with the officers, apparent truthful testimony.

The petitioner argues if counsel was functioning as counsel guaranteed by the 6th Amendment, and questioned the officer extending into his prior written statements. Statements dealing with, whom weighed and tested the drugs. The courts would have recognized the false testimony by the officer. Which as a result, of obtaining the information that the officer was testifying falsely. It would have left all the excuses that the officer stated, into why the evidence may have been altared, to nothing more than a act of perjury supporting a prior act of perjury.

pg. 6

The petitioner argues that due to his counsels omission to review the documents apparently, and prepare for trial obviously, substantially prejudiced the petitioners defense. Maintaining had counsel presented the officers false testimony to the courts. It is a reasonable probability that after weighing the mitigating evidence. The courts balancing the presented false testimony by the officer, the evidence of drugs in this case would not have been allowed to be presented under a proper chain of custody. Or the the court would have reasonably considered that the evidence was to of had some sort of taint, based on the fact the petitioner was tried with with one amount of drugs and charged with another.

The petitioner further states that along with the other judgements, that the court could or could not make due to the false testimony by officer Layfield. It is also reasonable to argue that the court if was giving the opportunity to hear the truth, about officer Layfield false testimony the court could not have entered the judgement that the drugs was authenicated by officer Layfield. Due to the fact he was not the officer whom handled the after arrest testing of the drugs, therefore with all due respect to common sense, he had no way of knowing whether or not the drugs was altared during the period the evidence of drugs was outside of his direct control before they was said to be sealed, to be later tested by a Medical Examiner.

Therefore, the petitioner argues that his counsels representation fell below an objective standard of reasonableness, guaranteed by the 6th Admenment of the United States Constitution. Furthermore there is a reasonable probability that but for counsels errors, and or omissions, the results of the defendants, trial would have been different. Finally the petitioner states he has satisfied the pronged test of Strickland. There-

fore the petitioners conviction should be set aside and the petitioner be awarded a new trial.

### Ground 1C

The petitioner argues that he was denied the right to effective assistance of counsel guaranteed by the 6th Amend. of the U.S. Const. due to counsels failure to object, or challenge a inadmissible statement, that was in violation of Miranada Warnings; (See Miranada vs. Arz. 384 U.S 436). The petitioner argues his trial lawyer fell below a objective reasonable standard, by not objecting or challenging the inadmissible statement once it was presented at trial. See (pg 91).

The petitioner argues that a reasonable compentent attorney, would have objected or at least, questioned the integrity of the legality of the inadmissible statement. Futher stating the talked about statement was inadmissible for a number of reasons. One is due to the fact, that for one the above statement on (pg 91) was suppressed, for being in violation of Miranada see (pg 114-115). Reason two is the states witness Tim Jones used the petitioners, unwarned statement in a explicit manner. This was done to obtain further information, from the petitioner. See (pg 85) clearly in Tim Jones testimony, he made it quite clear he was using the petitioners unwarned admission, to gain futher information from the petitioner. By using this statement "I said to Mr. Cannon -- I said, "Do you really expect me to believe -- do you expect the Judge to believe at your violation hearing that you admitted to marijuana, that they found drugs inside that jacket, marijuana inside that jacket? It was in the room with you and the female. It's obviously a male's jacket. Do you expect me and the judge to believe that you had no knowledge of this".

pg. 8

The petitioner asks the court to see, (Rawlings vs. Kentucky 448 U.S. 98) for references, on how the officers in that case exploited the petitioners, unwanted admission to pressure that petitioner. Much of the same, was consistent with the events that transpired in this case. The petitioner was also moved to use (US vs. Bayer 331 U.S. 532) for the cat out of the bag anology, which was also consistent, with the circumstances of the petitioners case. Which any reasonable compentent attorney would have used in these circumstances, to suppress the statement at hand. The petitioner was also moved to use (Oregan vs. Elstad 470 U.S. 298) as a supporting case.

Futhermore aside from, the statement, being suppressed at the petitioners suppression hearing. Then to be presented at trial verbatim a mere objection or a challenge of the statement would have been a act of effective representation by counsel. Futherstating the lack of preparection by counsel, despite a heads up by the judge see (pg 115). The judge at the suppression hearing indicated that the issue at hand may be revisited at trial. To no concern to the petitioners counsel because the record, clearly reflects that counsel did nothing to prepare a defense in case of a revisit at trial, of the circumstances, being argued within this argument. Due to counsels silence, when the inadmissible statement presented itself during trial.

With the above argument the petitioner argues his trial counsels failure to move to suppress the inadmissible statement. Constituted ineffective assistance of counsel, where the law provided avenues to suppress. See (Goodwin vs. Balkcom 684 F. 2d 794) as a reference case. The petitioner argues that with the on going standing Miranada Warnings established in the 4th Amendment Constitution, established a law providing avenue, to suppress the statement due to Tim Jones testimony, using the petitioners