statements in a explicit manner, to obtain further information, from the petitioner. Which the actions of Tim Jones could have been, and should had been argued by counsel, that Tim Jones violated the petitioners rights, because of deception, as a result of Tim Jones statements that caused the petitioner to believe his prior unwarned, statements could have, and would have been used against the petitioner. As a result the petitioner argues that any compentent defense attorney, would have argued that the petitioners alleged miranada waiver was invalid due to the fact of the circumstances, that the alleged waiver was not a product of free choice. This was due to a intimidation, coercion, and or deception by Tim Jones again see (pg 85 ).

The petitioner further argues, that his counsel had overwhelming evidence that Tim Jones illegal tactics was at the least plausible, in inducing the statements. See (Harrison vs. U.S. 392 U.S. 219) as a reference case. Which that case is named merely to support that trial counsel had avenues to suppress the statements by avenues provided by law. Although avenues were available during trial his counsel remained silent. Futhermore counsels inadequate performance, let the prosecution of the hook, by failing to force the prosecution to show that an illegal action did not induce the questioned statement. Which ultimately establishes that counsel, was not acting, as the effective counsel, guaranteed by the 6th Amendment, and not just a warm body.

Arguing futher the petitioner maintains that counsel had yet another avenue provided by law, to suppress the statements from evidence. But yet to no surprise, counsel remained silent, to the circumstances dealing with this issue. The avenue of law the petitioner is pertaining to is the principle, that the state may not knowingly use false evidence, including false testimony,

05-577

pg. 10

FILED
AUG - .. 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

to obtain a tainted conviction, and does not cease to apply merely because the false testimony goes only to the credibility of a witness. See (Commonwealth vs. Alston 243 A.2d 404) as a reference case. The false testimony the petitioner is pertaining to are distinctively conflicting statements by officer Layfield, during the petitioners suppression hearing. See (pg 51-52) where the officer used specific testimony to provide the court, with exactly how he supposately read the petitioner his rights, versus the officers testimony during trial see (pg 53, 54).

Furthermore the petitioner is moved to make the court aware, that the states Deputy Attorney General Adam Gelof, conducted both direct examinations. Therefore he was employed with knowledge that the testimony, was false, but he allowed the statement to go uncorrected, which by itself violated the petitioners 14th Amendment Right of Due Process, which the false statement by the officer, was used as evidence in a prior hearing to verify that the petitioner was appraised, of his Miranada warnings.

The petitioner argues that his counsel was ineffective for not using the avenues provided by law to suppress the statements at trial. Which resulted in allowing the inadmissible statement into evidence, which if counsel was acting as counsel guaranteed by the 6th Amendment. Their is a reasonable probability that the statement would not have been entered into evidence. I am now compelled to argue that not only would the inadmissible statement presented at trial would have been suppressed. But all alleged statements would have been suppressed, due to the violation of the petitioners miranada Rights.

The petitioner now moves his argument to satisfy the Strickland requirement. The first prong to be satisfied is cause. And the

cause is the failure of trial counsel, to object to an inadmissible statement, by remaining silent threw out the presentation, of inadmissible evidence. Second is the prejudice amounting due to the trial counsels omissions. The prejudice was by not having the inadmissible statement suppressed during trial the states attorney used the statement to support, that the petitioner had the alleged drugs, alleged to have been in possession by the petitioner was indeed, in possession for distribution, or was intended to be delivered.

Which the omission of counsel contributed to a substantle increase, in sentencing, and the failure by counsel to have the statement suppressed from evidence ultimately contributed to the conviction of the petitioner. Now with the support, of the petitioners memorandum of law. The request request that due to his counsel incompentence during trial, due to his counsels omissions, neglicate and or ineffectiveness during trial, compounded by counsels failure to be objective to the statements once presented at trial, prejudice the petitioners defense. The omissions by counsel overall resulted in constitutional violations, which as a result made the petitioners incarceration illegal. The petitioner closes this argument with not only was counsels poor performance a violation of the petitioners 6th Amendment Constitutional right. But counsels poor performance allowed the prosecution to violate the petitioners 5th Amendment Constitutional right by allowing government officals to use trickery, intimidation, and or unconstitutional methods, to trick the petitioner and or force the petitioner into being a witness against himself. Which as stated previously, the ultimate result is the petitioner is being held illegally, and the petitioners conviction should set aside, and the petitioner be giving a new trial.

## Ground 1)

The petitioner argues that he was denied his right to effective assistance of counsel guaranteed by the 6th Amendment, which in t Resulted on illegal conviction because of that constitutional violation. This is due to counsels omission to vigorously cross examine, two states witnesses, Marshay Smalls, and Pricilla Barnes. This is extending into the witnesses testimony revolving around the letter and envelope provided by the two, states witnesses, that was talked about in ground 1A. The petitioner recognizes that this claim of ineffectiveness of counsel. Has the burden of proven that his trial counsel, was not using sound trial tatics, by not exposing the conflicting testimonies to the face of the accursers, and given the jury the opportunity to witness the conflicting testimonies.

Futhermore the petitioner argues that counsel was not using sound trial tactics, but instead counsel used ineffective trial tactics which deprived the petitioner of a fair trial, a trial where good performance of counsel was relied on. Alleging already on ground 1A due to counsels omissions, the petitioner argues he was already prejudiced in defense by the counsel not providing the court with an expert in handwriting to give the court an opinion on the letter, and envelope. The petitioner argues the omission of counsels already deficient performance before trial. Left argumentively only one reasonable tactic during trial. That of which could be effective in providing a defense against the letter and envelope. To any compertent attorney that defense would be attack the witnesses credibility, and draw out any inconsistences or conflicting statements. See witnesses inconsistent and conflicting statements (pg 82,83 vs pg 105). Also see (pg 100 vs 82,83).

The petitioner argues that after counsels omission, not to provide the court with a expert in handwriting, which already prejudiced the petitioners

defense. The petitioner maintains that it was completely unreasonable, to have obvious flaws, in the states witnesses testimonies in debt to credibility issues, about the letter, and envelope. Then unexplictatly decided not to attempt to impeach the witnesses testimonies, dealing with the inconsistences, while the witnesses were on the stand. A tactic that any reasonable compentent attorney would have used. Which in all likelihood may have been the only defense that was reasonable, due to his prior omission, of not providing the court with an expert in handwriting to dispute the handwriting was not the petitioners.

 The petitioner once again acknowledges that a defendant challenging the actions of his counsels omissions has the burden of supplying precisely what information that would have been obtained had counsel undertaken the desired investigation. See (Outten vs. State Del Supr. 720 A.2d 547) as a reference case. The petitioner was moved to use Outten due to the consistences of the Outten case, compared to the petitioners case, and also due to the reality of the witnesses in both cases testifying about one event but coming up with two different testimonies. Amounting to a obvious false testimony, by one, if not both of the testifying witnesses.

 Now for the sake of understanding I intend to precisely show the court exactly what the inconsistences were, dealing with this issue. So their will be a better understanding of why the petitioners, counsel should have vigorously cross-examined, Marshay Smalls, and Priscilla Barnes. The first inconsistent, or conflicting statement that should have been confronted to the witnesses. Again see (pgs. 83 vs 100  ). Notice (pg 100) states that Priscilla Barns claims that she first heard about the letter, when it was read to her over the phone, while she was in New Jersey, according to her testimony. While (pg 83) holds from Marshay Smalls testimony, that her and her mother read the letter at

Pg. 14

the sametime. Which the petitioner now states that it is obvious that one if not both of the above statements was false.

Now for the second round of inconsistent or conflicting, statements see (pg 82, 83) for threw out those pages, coming directly on (pg 105). Priscilla Barnes testimony reads "I ask mam to read the letter to the jury". Then Mrs. Barnes stated "I can't read that's why my daughter read it to me". While once again going back to (pg 82, 83) established on (pg. 83), Ms. Smalls stated, the first time she saw the letter was when her and her mom both read the letter, stating her mom was reading the letter along with her. The petitioner is now moved to state or remind the court, that Priscilla Barnes claimed she can't read. Completely conflicted by her own daughters testimony, stating in more words or less that indeed her mother can read, again by stating her mother read the letter, and she read it to.

The petitioner is now moved to move his argument to maybe the toughest requirement of this particular issue, establishing what should have his counsels conduct consisted of. Pertaining to Marshay Smalls and Priscilla Barnes obvious inconsistent and conflicting statements dealing with the letter and envelope presented against the petitioner.

The petitioner states his counsels performance was below an objective reasonable standard; see (Strickland vs. Washington 466 U.S. 668) for his egregious omission to allow two states witnesses that provided the state with evidence against the petitioner. To take the stand, and completely give any compentent advocate the next best thing, to a I'm sorry I'm lying about this. Due to the obvious inconsistences in their testimonies to only unexplictedly. Take the role of any compentent adversary, and just be quite and hope the inconsistent or conflicting testimonies by his witnesses didn't hurt his cause. Which the petitioner has no choice but to argue his counsel performance was completely unreasonable, for his silence in this matter, exspecilly speaking

due to the egregious omission, of his prior to trial performance argued in ground 1A.

The petitioners now adds, that along with the two witnesses allegedlly providing the letter and envelope to the state. One of the witnesses in Marshay Smalls was used to authenicate that the handwriting was the petitioners. See (pg 84) for evidence that the state seeked to admit the letter and envelope under Marshay Smalls opinion. Then see (pg 104, 105) for evidence that the state entered the letter and envelope under the second witness Priscilla Barnes testimony.

The petitioner futher argues that after anyone considers the importance of the witnesses testimonies, that a silent attorney in this matter was anything but a acceptable performance, by a counsel. Futhermore counsel did nothing to help the petitioner. Even with the favorable conflicting testimonies providing maybe in a compentent attorney's favor a perfect defense, and or at the least, a chance to destroy the witnesses credibility, if the witnesses testimonies were properly and vigorously, attacked by the petitioners counsel.

Which the actions argued above were never performed by counsel. As a result of the petitioners counsels poor performance, from the product of his silence. The counsels poor performance, with all respect to fair judgment, can not be considered a sound trial strategy. Which is why the counselors silence, in this particular scenario, when he needed to be the spokesperson for petitioners defense. Is a classic example, of a counsel being ineffective, and prejudicing the petitioners defense. Due to the fact, he did nothing to prevent, two states witnesses from presenting inculpatory evidence against the petitioner. When there is a reasonable probability that due to the witnesses obvious inconsistent, and conflicting statements on the evidence. He could have gotten the

the evidence presented, by the witnesses suppressed, or he could have used the witnesses conflicting testimonies to destroy their own credibility, or he could have impeached the witnesses testimonies all together, just to name a few sound trial strategy's.

But in this case the petitioners counsel did nothing, and therefore as a result of him doing nothing, his poor performance prejudiced the petitioners defense, and denied him the right to a fair trial. For the reasons argued the petitioner is being held illegally, due to the fact counsel performance was deficient, and not logical. Therefore the petitioners conviction should be set aside, and the petitioner should be awarded a new trial with a competent attorney.

### Ground 2A

The petitioner argues he was denied his 6th Amendment right to a fair, and impartial jury, due to improper, and prejudical statements by the prosecutor, during the closing argument phase of trial. The actions, to be argued in this ground to relief also violates the Due Process Clause of the 14th Amendment, and goes directly against. The American Bar Association Standard, found in Canons Professional Eithes 15.

The following statements by the prosecution were improper, see (pg. 135, 136) clearly the prosecution stated his own personal belief, extending into the credibility of two states witnesses and the alleged evidence, of a letter and envelope, allegedly written by the petitioner. Evidence that solely introduced under authenication of one of the states witnesses see (pg 84). Then see (pg 104, 105) for when the letter and envelope was entered.

Futhermore due to the significance, that the witnesses credibility was crucial to the integrity, of the evidence. The improper comments clearly

took on a greater significance, then that of harmless error, much of the same, consistent with language; within: Mathis vs. U.S. 513 A.2d 1344 @ 1348: Futhermore the suggestive, insinuations, were prejudical, and completely neglitiful, to the well established principle" that the prosecutor has a special obligation to avoid improper suggestions, insinuation and exspecially ascertations of personal knowledge which this principle is recognized, in (Trump vs. State 753 A.2d 963).

The petitioner further maintains, that the prosecutors improper comments were calculated to bolester, the relative weakness, of this argued, particular portion of the states case. Which these improper comments went directly to the innocence, or the guilt of the petitioner.

For a illustration of the relative weaknesses, in this particular phase of the state case; see (pg 82, 83 vs pg 100-105) and also see <u>ground 11</u>, which his improper comments were calculated suggestions to the jury, from his own personal belief that they were indeed being presented, credible witnesses and evidence. To compensate for the obvious flaws in his witnesses testimonies.

The petitioner, now moves his argument to a three prong test which the court adopted in (Hughes vs. State 437 A.2d 559 @ 571) prongs intended to review; the centrality of the issue affected by the alleged error (2) the closeness of the case, and (3) the steps taken to mitigate the affects of the alleged error.

In order to satisfy the prong test of Hughes, the petitioner is moved to precisely point out the centrality of the issue effected. Being the improper comment went to the credibility of the evidence, and the witnesses, authenicating the evidence. Which the improper statements were endoresments, of credibility, by an expression of personal belief, unsubjected to a cross-examination, of the prosecutor. Which if permitting counsels to express personal belief in a testimony (even if not phrased so as to suggest knowledge of additional evidence not known of by the jury). It would be affording, the prosecutor a privilege not even

granted to a witness underoath, and subject to a cross-examination, worse it would create the false issue of the reliability and credibility of that counsel. See (Greenberg vs. U.S. 280 F.2d 472).

The second prong adopted by the court is the consideration of the closeness, of the case, which the petitioner argues that despite the state having a number of witnesses, to testify. The petitioner argues the states case was not overwhelming concrete, and at times the states case, was feeled with obvious flaws. Which the prosecution, recognized and tried to circumvent with statements, see (pg 137). Also see flaws in the states case (pg 130 vs. pg 77,78 inconsistent statements, about the amount of money allegedly, witnessed to of have been in possession by the petitioner. Now see conflicting testimonies about the letter, and envelope allegedly written by the petitioner pg 82, 83 vs pg. 100-105) Also see (pg. 76 vs pg 97,98 ) questions of how officers gained entry into the room. See (pg 106-107) issue of when, how, and where drugs were recovered, note to court still is not clear where, when you factor in a prior statement, that came on (pg 56,57 ) and also see (pg 64,65 ) which raises another question about, the time, and when drugs were recovered. Also see (pg 106 vs pg 93 ) questions whether the petitioner was taken to the bathroom, or in the kitchen area, which conflicts in these testimony's in all likelihood could have raised suspession, of the jury that the events didn't happen as the state was illustrating them. See (pg. 97 ) to see testimony by Tim Jones a states witness changing his story on the witness stand before the jury. Also see (pg 97,98 vs 76 ) questions whether the officers proceeded past the first door, or they came to, or stop at the first. Which these statements completely destroyed the bases of the states case, or at the least faults the foundation of the states case.

The petitioner argues that with the exhibits presented above, he