established that the primary evidence for the states case, was faulty inconsistent, and crossing over to conflicting and false at times, the case for the state was not a runaway to satisfy the closeness prong of Hughes.

The third prong of Hughes to be under consideration, is the mitigating factors used to circumvent the effects of the alleged error. Which the petitioner argues that the only, thing that even could be considered a mitigating factor was the common jury instruction, by the judge. Which under the circumstances the ever so damaging impacts of the prosecutors improper statements, was to damaging, even if outside of the judges instruction to the jury. Had counsel been effective, and objected to the improper statements. The only thing that could have guaranteed the petitioner a fair trial would have been a mistrial. Then the petitioner be given, a new trial, due to the fact that no curative instruction could have reasonably removed the prejudice that the jury has already incountered, as a result of the prosecutors improper actions. See (State vs. Fullwood 484 A.2d 435)(Mathis vs US 513 A.2d 1349) for cases, that deemed a prosecutors improper comments undissipatable for various reasons.

The petitioner further maintains, that no matter, what jury instruction, and or request by a judge to disreguard, the improper remarks, comments, and or the opinion of the prosecutor. The damage has already been done, and for the courts to "consider, that a jury instruction, and or a request to disregard the improper statement cures the damages done by the improper statement. The petitioner maintains that the courts remedy to mitigate the effects of a improper statement, is a far cry from justice. For the following reasons, it will be continuely given prosecutors, the ability to ignore the rules of a court which he/or she is sworn to uphold. But inturn it will be placing the direct burden on the jury to follow the rules of a federal law. Which this scenario is alarmingly and repeatedly given the professionals

05-577

pg. 20

AUG -8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

the prosecutors, to be unprofessional, and inturn its asking the unprofessionals, the jury to be professionals, of up holding the law.

Which as a result this is overwhelming favoring the prosecuting attorneys. Either indirectly, or directly to achieve flawed convictions by an at all cost to win. Instead of having the prosecuting attorneys being exspecially careful to just let the evidence speak for itself. Now for all of the above reasons, the petitioner argues that he has satisfied, the Hughes three prongs test.

Furthermore every case is as different as a finger print but the petitioner was moved to futher strengthing his case, with (Dyson vs U.S 418 A.2d 127). Language from Dyson "In a criminal proceeding, the prosecutors remark during rebuttal argument, that a defense witness testimony is pretty incredible when you think of it *** why did it take him so long to answer, because he was making the testimony up while he was sitting here" was improper in that it invaded the province of the jury's responsibility to asses the demeanor of a witness.

The petitioner further maintains, that comparing the scenario of Dyson, vs the scenario of the petitioners present case. See (pg.138, 139) due to the simularities, of the improperties. Which the petitioner futher states as a result, of the improper remarks by the prosecutor, in the petitioners case. The actions, of the prosecuting attorney, ultimately Resulted, in the same imporperty, being the prosecutors remarks invaded the province of the jury's Responsibility to asses the demeanor of a witness. Which as a result of the prosecutors misconduct, his actions denied the petitioner, his 6th Amendment Constitutional Right, to a fair trial by a impartial jury, due to the prejudices from the prosecutors, improper comments.

The petitioner concludes this argument of prosecutor misconduct, stating that he has satisfied a three prongs test which the courts adopted in Hughes. I have also shown prejudices, and unjust advantages, gained as a result of

the prosecutors misconduct. I have also shown that the misconduct of the prosecutor went directly to the innocence or the guilt of the petitioner. The petitioner adds if actions consistent with the actions, in the petitioners argument, are tolerated then it will be doing nothing more, then encouraging prosecutors, to achieve flawed unconstitutional convictions. The petitioner has also demonstrated, with exhibits relative weaknesses in the states case. The petitioner further argues due to the misconduct of the prosecutor which deprived the petitioner of his 6th Amendment Right. The prosecutors actions also deprived the petitioner of the right to be confronted with the witness against. Due to the fact during the closing argument the prosecutor made comments, equal to testimony, which the petitioner was unable to cross-examine. Which all of the above arguments in this ground points out, and establishes the petitioner's conviction is illegal, unconstitutional and should be overturned and the petitioner should be awarded a new trial.

### Ground 2b

The petitioner argues that he was deprived of his 5th and 6th Constitutional Amendment Rights. Due to the improper comments by the prosecutor. Which these improper comments extended into the truth or veracity of a states witness and as a result, of the prosecutors improper comments, it invaded, the province of the jury. The argued statement by the prosecutor was " Now, the statements, OFFICER Layfield testified to some statements that were made by the defendant in this case, nickle bags and unknown amount of cocaine bought in Wilmington. It wasn't taped. Think about it. Mr Callaway will point out, well Officer Layfield could have been lying about that. Officer Layfield was going to lie about that? He could have given me something better. He could have gave me a full confession!

Yeah I was dealing, supporting my kids. He didn't give you that. Why did he not give me that? Draw your conclusions. He told you what the truth was as to what his statement was. So looking at all this, you heard all the facts". see (pg 138, 139) for actual improper comment by the prosecutor.

The petitioner maintains, that the prosecutor vouching for the credibility, of the officers testimony was completely improper. This is due to the fact of common knowledge, that jurys tend to give officers testimonies more weight or credibility, and with the comments of the prosecutor. As in (Fensterer vs State Del supr. 509 A. 2d 1106), it placed a unfair burden to prove, that I the petitioner didn't make the alleged statements. Again this is due to the unfair burden the improper comments placed on the petitioner, inpart because the inability to cross-examine, the prosecutor. Which this situation amounted to a confrontation clause, because the statements the prosecutor made was equivalent to a testimony of a witness. A witness, that the petitioner was unable to cross-examine. Which by all means violated the petitioners 6th Amendment Constitutional Right, to be able to confront a witness.

Futhermore this act of misconduct by the prosecutor, took on a greater significance, due to the fact that the officers credibility was crucial to the verdict. See (Mathis vs. US. 513 A. 2d 1344) as a reference case. Now to demonstrate what makes the officers credibility crucial to the verdict. See (pg 68, 69 ) the petitioner argues that due to the fact, that their is nothing to support, that the petitioner, made the alleged statement other then the officers inculpatory statements, against the petitioner. Which argumentively could be considered the heart of the states case. Which the prosecutors improper vouching enhanced the testimony of the officer, by insuring the jury with his on personal belief, or opinion that they got a true, statement by the officer. What to be reasonably believed, that as a result of the prosecutors misconduct, the actions of the prosecutor prejudiced the jurors decision, and invaded the province of the jury's responsibility, with a

pg. 23

unconstitutional act of misconduct stating from his own personal belief that the witness was being truthful.

The petitioner further maintains with (pg. 69) as a indication of a relative weakness in the states case, compounded with the same officers testimony dealing with this same issue after stating previously that the petitioner, allegedly admitted to owning 4 nickle bags of marijuana. The officer then changed his story completely, with this statement see (pg 66, 67). What the petitioner wants the court to notice is the to hypens used by, the court reporter, to indicate a pulse in testimony by the officer. Which clearly took on a appearance of doubt in the officers testimony. Due to the fact that the officer new he was about to make yet another conflicting statement, but choose to make a incomplete conflicting statement. Which again this brings the petitioner back to his argument, that the prosecutors actions of improper vouching for the officer, took on a greater significance. Because in fact the officers testimony was shaky, and the officers credibility was in question. See (Trump vs. State 753 A.2d 963) as a reference case.

The petitioner argues, with language from (State vs. Ubaldi 462 A.2d 1001) where a prosecutor in argument, interjects remarks deliberately intended to undermine the rulings of the trial court to prejudice a defendant. His conduct is so offensive to the sound administration of justice that only a new trial can effectively prevent such assualts on the integrity of the tribunal.

The petitioner now states, that the actions, of the prosecutor, in the petitioner trial, during the closing argument phase of the trial was equivalent, to the actions, of the prosecutor in Ubaldi. If not exceeding the offensive acts of misconduct, in the above case of Ubaldi. The reason for that is, in the Ubaldi, case the prosecutor simply deliberately intended to undermine

the rulings of the court. If undermining the rulings of the court can be down played to simply, with improper remarks, that prejudiced the defendant in the Ubaldi case, a chance for a fair trial. Which brings the petitioner to his argument, that the prosecutor in his case was equivalent, if not exceeding the offensive acts of misconduct. Due to the fact that the prosecutors act of misconduct in Ubaldi, simply undermined, a ruling of the court. But the acts of misconduct in the petitioners case, undermined the instructions of law in the petitioners case see (pg. 117, 134).

While the petitioner understands that the prosecutor, is permitted to comment upon evidence, as stated in (State vs Oehman 562 A.2d 493). However also stated in Oehman he or she is not permitted to vouch personally for the truth or veracity of a witness. Which the petitioner argues the prosecutor did exactly that, he vouched personally for the truth or veracity of the officer. Which these actions by the prosecutor violated Rule 3.4(e) of professional conduct. Which those actions of the prosecutor violated the petitioners 5th, 6th, and 14th Amendment Constitutional Rights.

The petitioner was also moved to use, language found in (state vs. Messier 449 A.2d 32). Stating that a prosecutor must refrain from using remarks expressive of their personal views, concerning guilt of the accused, merits of the evidence, and credibility of witnesses even in extreme cases. Which once again, even to a person with a rather limited background in law he, or she would be able to recognize that the prosecutors actions was equivalent to what he was supposately not to be able to do. And as a result of the misconduct by the prosecutor it is reasonable to believe, he caused a impartial jury due to the improper vouching for the credibility or the veracity of his witness.

The petitioner now comes before the court stating the substantial

rights of the petitioner, that was prejudicially affected. Was first of all the petitioners 5th Constitutional Amendment Right, of Due Process of Law. Due to the prosecuting attorney's offensive act of misconduct, that had a total disregard, for the instruction on the law in this case. See (ps. 134) for the particular, law argued to have been disregarded by the states Deputy Attorney Adam Gelof. The prosecutor's improper remarks amounting to misconduct, also violated the petitioners 6th Amendment Right to a fair trial, by a impartial jury, due to the prejudices implied in the jury's mined's by a opinion of personal belief. Stating why to the jury from his opinion, that they have been witness to a true testimony, of inculpatory statements that was allegedly made by the petitioner.

 Which the statements made by the prosecutor, was equivalent, to a testimony of a witness. A testimony that left the unfair burden, of the inability to cross-examine the prosecutor. Cross-examine the prosecutor into what establishes that the officer was telling the truth, about the alleged inculpatory statements. Action by all means by the prosecutor that violates another section of the petitioners 6th Amendment Constitutional Right to be able to confront a witness against the petitioner amount to a confrontation clause. Which in turn resulted in my illegal incarceration, because the petitioners conviction was unconstitutional, because of all of the constitutional violations.

 The petitioner further maintains that as a result, of the offensive, acts of misconduct by the prosecutor to disregard the instruction on the law in this case. It would be a failure in justice and a assault on the integrity of the tribunal, for the courts to use the very instruction on the law in the petitioners case. Which the prosecutor disregarded with his acts of misconduct.

 Furthermore, the petitioner has demonstrated with facts within this argument that the prosecutor, actions deprived him of substantial rights his

5th, 6th and 14th constitutional Amendments Rights. Supported by or with other requirements, that show prejudice as a result of the prosecutors actions. The petitioner now states that due to the reasons within this argument, the petitioners conviction, was and still is illegal, with multiple constitutional violations, therefore the petitioners conviction should be set aside.

### Ground 2C

The petitioner argues that he was denied his right to due process. Which violated the petitioner 14th Amendment Right by the state prosecutor, by the prosecutor using a perjured testimony. The petitioner was moved to use (Medina vs Barnes 71 F.3d 363) as a supporting case based based primarily on Medina's failure to show evidence, that the prosecutor was aware of the perjured testimony. This is resting on the fact petitioner Medina, stated no facts that supported, his asseration that the prosecution was in such a possession of evidence, which was the primary cause for his motion dealing with the present issue to fail.

Aware of the short comings of Medina, the petitioner produces evidence that the prosecutor was aware of the perjured testimony. See (pg. 45) the information within the investigative narrative stated, that Officer Layfield, was not the officer whom weighed, and tested the evidence of drugs. Which this information was provided by the Deputy Attorney General, Adam Gelof, as a part of the states answer to discovery, certificate of service Dated 11, 2000. See (pg     ) The numbered page provides evidence that the prosecuting attorney was well aware, of the officers prior written statement. The petitioner argues that despite having evidence of the officers written statement prior to trial. The states attorney allowed the false testimony during trial, when it appeared to go uncor-

pg. 27

Rected; see (pg. 71-75).

The petitioner argues with the support of (Com. vs. Alston 243 A.2d 404) as a reference case, as stated in the language of Alston, a conviction cannot be sustained, if the state although not soliciting false evidence allows it to go uncorrected when it appears. The petitioner, is moved to state, that he has met the (Nepue vs People of the state of Ill. 360 U.S. 264) requirement that the perjured testimony is proved to have been employed with either acquaintance, or knowledge of the state. Within the provided information in the petitioners listed (pg. 45) pertaining to this issue. Although the petitioner is not arguing that the prosecutions actions was solicitating the false testimony, I'm arguing he was well aware of the perjurged testimony once it presented itself, and he should have corrected the testimony.

I am further compelled however, to present further information to the court, that the prosecution, was aware, that the officers testimony was false. See (pg. 47) of the petitioners preliminary hearing again vs the officers, investigative narrative, where the officers written statement, clearly stated that officer Messick was the officer who weighed, and tested the evidence. I now argue that the prosecution, had every opportunity to clarify the officers written statements, and testimony but choose to close his eyes and ears, to allow the false evidence in the form of a testimony to go uncorrected.

Now to show the prejudices amounted due to the use of the false testimony by officer Layfield. Argumentively so the use of the false testimony, was used to authenticate the evidence of drugs, see (pg. 56-63). The false testimony was also used to justify the discrepancies of evidence from the time of arrest, to when delivered to the states medical examiner, to when presented at trial. Directly from the apparent offical handler of the evidence.

The petitioner further maintains that the use of the false testimony by

the officer left uncorrected by the prosecutor denied the petitioner his 14th Amendment right, of Due Process, when the false statements was presented at trial, and then was left uncorrected. The prosecutors misconduct of allowing the false testimony of the officer to go uncorrected, also deprived the jury, and or the judge the opportunity to fairly and fully to asses the accuracy of the testimony. Which by all means scripted the petitioner of the right to a fair trial, which inturn caused the petitioners conviction, and incarceration to be illegal and unconstitutional.

    The petitioner argues that it is a reasonable likelihood, of a different result. If it was known by the judge and or jury that the officer was presenting evidence under a false testimony to authenicate the evidence, and was the testimony primarily to confirm that apparently indeed not, their was no tampering of evidence. The petitioner argues that if the judge, and or the jury, was awarded, the opportunity to review the true facts of the issue at hand. Pertaining to this argument, the evidence pertaining to this issue would, have been suppressed, resting on the fact, that the evidence presented against the petitioner, was being entered, justified, and or presented under nothing short of false, and perjured testimonies. The petitioner further maintains that the false statements by the officer meets the requirement of, not merely cumulative or merely used as an attempt to impeach the credibility of the officer. But it is likely to of have, resulted in a different result. See (Com. vs Clayton 151A.2d88).

    The petitioner now moves to close this argument with, he has met standards with evidence, that the state prosecutor was in acquaintance, or knowledge of the false testimony, and allowed the statement to go uncorrected. Two I have demonstrated that the false testimony if presented to the judge or the jury, would have resulted in a different result, with examples. Three has shown the constitutional violations. Constitutional violations that caused the petitioners conviction to be illegal, and inturn the unconstitutional convictions, is causing the petitioners incarceration to be illegal. Which

as a result of the prosecutors actions the petitioner should be released from custody.

### Ground 3

The petitioner argues that he was denied his 14th Amendment Constitutional Right, to Due Process of Law. This was due to officer Layfield using false evidence, in the form of a testimony, to willfully and corruptly make a false statement under-oath, during the judicial proceedings, of the petitioners trial. He did this for the purpose of obtaining a rule or order of the court. This language is taken out of context from (Com. vs Rose 251 A.2d 815) to be consistent with the petitioners argument. See (pg. 45 vs pg. 47) and for a clearer indication of the officer uses of the false testimony. Also see (pg. 71-75) to point out what the petitioner wants the court to recognize as the false testimony. This is due to the fact that according to officer Layfields own investigative narrative, within the second paragraph, he clearly stated that officer Messick was the officer whom weighed and tested the drugs. But during trial on (pg. 74) the officer answered clearly in a manner, that left the illusion to the court, that he weighed and tested the drugs.

To be more specific on (pg. 75) the officer was asked the question of "again, the difference in the weight as to what you weighed and what the state chemist weighed, why is there a difference. The petitioner argues that the officer did nothing to correct the fact that he was being asked a question, that if he answered the question with a serious of justification of what might have happened to the drugs he weighed, he would be nothing short of committing perjury due to the fact, that <u>his own</u> prior written document, clearly stated that officer Messick weighed and tested the drugs, the officers said they recovered that night and not him.

The petitioner further maintains, that the officers false testimony, was used for authenticating the presented evidence against the petitioner. Which the petitioner argues that the officers testimony, was primiarily what the judge took into consideration to make his decision of whether the evidence has been sufficiently authenticated according to the record see (pg56-63) Which again this brings the petitioner back to his argument that the officer used a false testimony, for the purpose of obtaining a rule or order from the court.

    The petitioner further states using (U.S vs Weiler 143 F.2d 204) as a reference case. Stating from the language of Weiler out of context, that the officers testimony that was relating to the collateral of the matter. In this case the knowingly false testimony by Officer Layfield affected the weight or force, of the evidence bearing on the ultimate issue. The ultimate issue is the officer colored the illusion that he weighed and tested the evidence presented against the petitioner. When infact the officer made a prior written statement that Officer Messick weighed and tested the evidence. The petitioner further argues the officers prior written documents, referring to whom weighed and tested drugs was so inconsistent, with the officers testimony at trial, and during the petitioners preliminary hearing that one of the statements at a minimum is false.

    Furthermore the officers false testimony deprived the petitioner, of any chance for a fair trial due to the fact, the judge and or the jury, was denied the opportunity to fairly and fully asses the accuracy of the evidence. In this case the evidence is the drugs presented against the petitioner, and the testimony of officer Layfield, used to support, authenticate, justify the discreptices of weight from when at police station, to when weighed by the states chemist, and also used the position that the false testimony put the officer in to dilute the question of tampering.

    The petitioner argues with the above paragraph in mind, that it is at