least plausible that if the court was not under the impression, as a result of the officers false testimony. A false testimony that left the impression that he weighed and tested the evidence of drugs. When there is evidence that proves he did not weigh and test, the evidence of drugs. Its at the least reasonable to conclude that the court may have at least, considered that the same testifying officer was not the officer who handled the packaging of the evidence against the petitioner.

It is also at least plausible that the court, may have considered that the evidence of drugs, would not have been allowed into evidence because of a lack of authenication. The petitioner furthers his argument with the officers own statement once again. This time during trial see (pg. 56) the officer stated the drugs are different then what he recalls the package he placed them in. The petitioner is arguing that without the false testimony of the officer. Its a very high probability that the evidence of drugs would not have been allowed into evidence. Because 1. there can't not be a chain of custody of evidence, factually established. 2. the officer was, or did attempt and complete to recieve a rule or order from the court with a false testimony. 3. The defense would have been able to argue with effective, and physical evidence that, tampering of evidence did occur.

Now strengthing the argument, if the court was aware, that the officer testifying that he was the officer whom weighed and tested the drugs, was not the officer who weighed and tested the drugs. The court at a minimum may have decided the officer was attempting to authenicate the evidence of drugs was attempting to do so with hearsay from a relay message. Which would be nothing short of inadmissible hearsay statements, being presented to the court.

The petitioner is now reasonably arguing that the officers testimony pertaining to the issue, of the evidence of drugs, was consistently, prejudiced. Above all the false testimony was obviously given more credibility or weight, then what his testimony

05-577

AUG - 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

pg. 32

was to of deserved. Resting on the fact that the officers false statement was unknown to the court. Which as a result every justification that was presented to the court, concerning what may of happened to the evidence of drugs was accepted. Which brings the petitioner, to that due to the false testimony of the officer. Which is <u>now known</u> to the court, it will be a miscarriage in justice, for this court to allow the conviction to stand. When in all likelihood, the false testimony, contributed to a unconstitutional conviction, that is illegal and unjust.

Futhermore the petitioners conviction should be overturned, because he was denied of his 5th and 14th Const. Amend. Right. Because the false testimony violated the due process clause, within the 5th and 14th Const. Amend. Which inturn the petitioners incarceration is illegal, and can't stand if there is any meaning to the constitution, and fair and equal justice.

### Ground 4

The petitioner argues that he was denied his 5th and 6th Const. Amend. Rights. This was due to defective miranada, no miranada warnings, and or exploitation of the petitioners unwarned statements, to compell the petitioner to be a witness against himself. The petitioner now wants to clarify to the court why he is using three scenario's, to establish one ultimate issue of a miranada violation.

1. This is due to the fact that the petitioner never received, any miranada warnings.
2. The only miranada warnings allegedly given to the petitioner was defective, from a reflection of the record.
3. Aside from receiving no miranada warnings, and or defective miranada warnings, the allegedly given miranada warnings are of no consequence, due to the fact Tim Jones used complusion tactics and or the petitioners unwarned admissions to

3. to pressure the petitioner into waiving his right to not be a witness against himself, see (pg. 85)

The petitioner is now moved to argue his first claim of a miranada violation, stating he never received any miranada warnings. The petitioner argues that the very capable of using a false testimony to obtain a rule or a order from the court Officer Layfield see (ground #3) once again used a false testimony to obtain a rule or a order from the court see (pg 51, 52). The officer, was asked, during the petitioners suppression hearing, "What exactly did he read to the petitioner and the officer clearly stated", "usually we I have a card in my uniform that I read directly from. The petitioner further states that after Officer Layfield gave his very detailed explanation of how he allegedly read the petitioner his rights off a card he had in his uniform. The officer finally stumbled out yet another conflicting, and or false statement during trial, "stating; that night Detective Warren and Myself weren't in uniform". see (pg. 53, 54)

Furthermore, once again one of officer Layfield's statements is so inconsistent one of the statements is false. Furthermore the officer clearly stated that he had the miranada card in his uniform that he read directly from. Which the petitioners evidence, establishes that scenario to be impossible. After falling witness, to the officers own testimony during trial, that stated he never had a uniform on.

The petitioner maintains the argument to the court, that after the court reviews the petitioners claim, and reason supporting that he was never miranadizied from Officer Layfield, with a reasonable ligitiment argument. It would be a miscarriage of justice, for the court, to consider that the officer maybe telling the truth, about something so precious, as miranada warnings. Which guarantees the petitioner and all defendants with a safe-guard priviledge against self-incrimination. Which is none the less imbedded in the United States 5th Amendment rights. Which the

petitioner adds, that God help the American Justice System, if all it takes is a maybe and a badge to script a citizen of his or her rights.

The petitioner further states using language from (State vs. Ross 558 A.2d 1017), that it is by now automatic that prior to any custodial interrogation, a suspect must be warned that he has a right to remain silent, that any statements he does make can be used as a evidence against him, that he has a right to the presence of an attorney and that if he is indigent an attorney will be appointed to represent him. Acknowledging (Miranada vs. Arizona 384 U.S. 436) further stating from miranada holding that the 5th Amendment requires the exclusion of any statement made by an accused an accused during a custodial interrogation. Unless he has been advised of these four rights and he voluntarily waived them.

The petitioner closes this portion of his argument, stating that a suspect <u>must</u> be warned of his rights, to use any interrogational statements obtained from a suspect. Not the issue of the petitioners case at hand that the suspect <u>the petitioner might have been warned of his rights</u>. For the reasons above any statement allegedly made by the petitioner should be suppressed from evidence, and the petitioner should be awarded a new trial.

The petitioner argues to the court. That if by or for some vague reasons. After reviewing the petitioners above arguments comes to the conclusion, that the officer's, false testimony is accepted as evidence, and the petitioner received, a effective miranada warning.

The petitioner argues to the court, it still does not elimanate the fact that, the only evidence of a miranada warning allegedly given to the petitioner, was defective from a reflection, of the record see (pgs 51, 52). Further stating to this court using (State vs Ross 558 A.2d 1017) as a reference case, that his alleged statements should be suppressed. Due to the fact that the record shows that the petitioner did not

Pg 35

Receive a full advisoratory of his rights.

The petitioner futher argues with statements from the dissenting justices in Miranada. Stating in order to fully appraise a person interrogated of the extent of his rights under this system. Then its necessary to warn, a defendant not only that he has the right to consult with an attorney. But also that if he is indigent a lawyer will be appointed to represent him. As with the warning of the right to remain silent, and of the general right to counsel. <u>Only by effective and express explanation to the indigent of this right can there be assurance that a defendant was truely in a position to exercise it.</u>

Which the petitioner argues that according to the officers version, of miranada warnings that was given to the petitioner, he was denied of the right to exercise his full potential of miranada warnings. Resting on the fact, that the allegedly given miranada warnings that officer Layfield allegedly read to the petitioner. Lacked the express explanation if he was indigent a lawyer one would be appointed to represent the petitioner from a reflection of the record. Futher stating according to case law in (State vs. Ross 558 A. 2d 1017) due to reflection of the record clearly reading, that the alleged miranada warnings given to the petitioner was defective. Now along with the dissenting justices opinion in miranada. Holden that without the express explanation to the indigent of his right to a appointed counsel. A defendant is not truelly in a position to exercise his miranada rights. The petitioner argues that even if the court for some vague reasons, accepts the officers false testimony as evidence. The petitioner argues that his alleged statement, still should be suppressed due to a defective, miranada warning, according to a reflection of the record.

The petitioner futher argues to the court, that if the court after reviewing the petitioners above claims, of receiving no miranada warnings and or defective miranada warnings. Still has itself in a position, to disregard the petitioners claims no miranada warnings, and or defective miranada warnings.

The petitioner now argues with the support of (Rawlings vs. Kentucky 448 U.S. 98) as a reference case; that his alleged admission's still should be suppressed due to, Tim Jones, exploiting the petitioner's unwarned admission to pressure the petitioner into waiving his rights according to the record. See for evidence (pg. 85) that Tim Jones with a clear cut effort, used the petitioners unwarned alleged admission to pressure the petitioner into waiving his 5th Amendment Right. Futhermore with language, from dissenting justices, in Miranada, 384 U.S. 47K [55-57]) "Stating, any evidence that the accused was threatned, tricked, or cojoled into waiver will of course show that the defendant did not voluntarily waive his or her priviledge", of the right to counsel, or appointed counsel, or waive his right not to be a witness against himself.

    The movant now argues to the court, that Tim Jones statement that was pointed out, is a profound piece of evidence, that demonstrates that even if the court, for one reason or another, after reviewing this ground for relief in its entirety. Finds that the petitioner was to of received, a effective miranada warning by anyone. All the statements allegedly made by the petitioner none the less, still should be suppressed due to a involuntary waiver, due to explotation of the petitioners unwarned statements, that was used as a crutch, to compell the petitioner into being a witness against himself.

    The petitioner futher argues with the majorities conclusion in (Brown vs Ill 422 U.S. 590), as a reference case. This is due to similarities, moreover the majority of the justices in Brown, concluded that the prosecution had failed to meet its burden of establishing, the dissipation of the initial tant. Declaring that, Browns first statement was made within two hours of his arrest, and the later, second statement was the fruit of the first.

    Which the petitioner argues in his case, the first incriminating questions by officer Warren that amounted to interrogation, came within, moments after the