petitioner was denied his usual freedoms, according to the record, see( Which the petitioner argues to the court, that despite being taken into custody by the officers for possession of drugs. Then to be immediately, questioned without receiving any miranda warnings, that are required to safeguard the priviledge against self-incrimination. The petitioner argues that the officers neglectfully deprived the petitioner of his 5th and 6th const. Amend. Rights. Due to a level of conscious and flagrant misconduct, of electing not to give the petitioner the miranda warnings after placing him under arrest, and then facing him with a custodial interrogation, this is all according to the record. (pg. 109)

The petitioner further argues, to the court, that after the petitioner was arrested, questioned and taken into custody, without the luxary of any miranda warnings, according to officer Warrens testimony; again see(pg. 106-109). The petitioner was then handed over to Tim Jones, without being read his miranda warnings. Then to be further questioned, without being appraised of the miranda warnings. At this time was asked questions that was intended to have the petitioner incriminate himself without the benefit of miranda; see(pg. 87-89). Which the petitioner feels he is obligated to, at least remind this court. That the lower court once held the petitioners first alleged statement to be inadmissible because of a miranda violation; see(pg 110-116) the alleged statements about using drugs, was suppressed.

The petitioner now argues to this court, that after the lower Sussex County Superior Court recognized, the petitioners first initial alleged statement, to Tim Jones was to be in violation, of the miranda warnings. The petitioner now has no choice but to argue, that their is no justification, that could have allowed Tim Jones, to use the petitioners unwarned alleged admissions as a crutch; (see 85 ). A crutch to pressure the petitioner, into further crimination, according to the record.

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 05 AUG -8 PM 4:17

pg. 38

Futhermore between a combination of, abuse of the judges discretion, and ineffective assistance of counsel. To not force the state to show that, a intervening act of significance (such as presentment before a magistrate, consultation with counsel, or release from custody had occured, between the petitioner's arrest, which lead to the custodial interrogation without the benefit of a miranada warning). At the very minimum, the alleged statement to Tim Jones should have been, and should be suppressed due to a violation of the petitioner's Miranada warnings. Futhermore the alleged statement to Tim Jones in violation of mihanada can not be justified as admissible evidence.

The petitioner now argues with the support of Brown vs. ILL that his later alleged confessions after his first alleged confession. Futherstating the petitioner states, his first alleged confession, came within moments, after his arrest without the benefit of being appraised, of his Miranada warnings. See (pg 88-90 and pg 93, 94 to verify when the petitioner first alleged admission, was obtained without the benefit of miranada warnings, according to the transcripts. The petitioner now argues, that these following alleged statements should be suppressed from evidence, due to the later alleged statements being the fruits of the first, alleged custodial interrogational admissions, that according to the transcripts was in the violation of miranada, that are safeguarded the priviledge against self-incrimination.

The petitioner now argues, with their being no intervening acts of significance, between the petitioner arrest and custodial interrogation without the benefit of a miranada warning, required to safeguard the priviledge against self-incrimination. The petitioner argues that all alleged statements, that the petitioner was suppose to of made be suppressed, from evidence. This is due to the results of the alleged statements being the fruit, of the first alleged admission, that amounted to a custodial interrogation, in violation of miranada. Which Tim Jones from a reflection of the record used the alleged initial unwarned admission to pressure the petitioner into being a witness

against himself, see (pg. 85).

The petitioner now argues, with their being no intervening acts of significance, between the petitioners arrest and custodial interrogation. All without the benefit of miranda warnings, required to safeguard the priviledge against self-incrimination. The petitioner argues that this statement be suppressed see (pg. 91) due to the fact, that for one, the very same statement verbatim was suppressed during the petitioner suppression hearing; see (ps 110-116) Then to be only presented during trial, because Tim Jones on (pg 91) stated that it was after miranda. Which brings the petitioner back to his original argument of the alleged statement should be suppressed. This is relying on the fact that the alleged statement, unquestionably was the fruit of the first, alleged unwarned statement. See (pg 88-90 and pg. 93, 94) for evidence from a reflection of the record that the statement on (pg. 91) must certainally is the fruit of the first alleged statement in violation of miranda.

The petitioner futher states, that the alleged admission that the petitioner acknowledged he used marijuana, and not cocaine should be suppressed and the petitioner be awarded relief, from his conviction. For the reason, that this argued alleged admission according to the record was in violation, of the required miranda warnings. Two the statement, was the fruit of the first unwarned statement in violation of miranda.

The petitioner now argues, with their being no intervening acts of significance, between the petitioners arrest, and the custodial interrogation, without the benefit of a miranda warning. Which allegedly during the custodial interrogation in violation of miranda. This statement was allegedly made by the petitioner see (pg. 89) and for futher collaberation see (pg. 94, 95), that according to the record the petitioner was to have made incriminati statements, under arrest, for possession of drugs, without the benefit of miranda warnings.

PS. 40

The petitioner also states that this alleged statement in violation of Miranada, should also be suppressed see (pg. 66). Due to the fact that the alleged statement was a result of the fruit of the first alleged statement. Which according to the record, was given to Tim Jones in violation, of miranada again see (pg 88-89

The petitioner further states that all of the above alleged statements should be suppressed. As a result of the 5th Amendment prohibiting use by the prosecution in its case in chief of a compelled testimony. Which this language is recognized in (Elstad vs. Oregon 470 U.S. 298). Further stating failure to administer miranada warnings creates a presumption of compulsion. Exspecially in the petitioners case, the presumption of compulsion, should be looked at as a caculated attempt of compulsion by the officers; see (pg 85 ) accompanied by the fact the petitioner was arrested and was subjected to a custodial interrigation without the benefit of Miranada warnings again see (pg. 106-109). For a better clarification, of the presumption of compulsion. The petitioner wants the court to recognize during Officer Warrens testimony. There is no evidence, of any indication of a miranada warning given to the petitioner prior to any custodial interrigation. There is only evidence of a illegal custodial interrigation according to the transcripts of a suspect under arrest for a crime. At that time clearly being questioned in a manner intended to obtain incriminating statements from the petitioner without being given the miranada warnings to safeguard the priviledge against self-incrimination. Then to be handed over to Tim Jones, to be further interrigated, without the benefit of miranada.

The petitioner states that the neglectful actions, by the officers amounted to apparent, and evident caculated compulsion. Intended to have the petitioner incriminate himself, without the benefit of a miranada warning. Futhermore due to the actions of the officers violating the petitioners 5th Amendment Rights, there is no other appropriate measure other than a suppression of all the statements. This is due to the compulsion, that amounted as a result of a lack of miranada warnings

pg. 41

when the petitioner was arrested for a crime and interrigated about that crime. Allegedly at that time gaining information during that time of the custodial interrigation. This was without the benefit of a Miranada warnings. Also the officers used the alleged statement in violation of Miranada as a crutch, to further gain information from the petitioner again see (pg. 85).

The petitioner now states using (Rawlings vs Kentucky) as a reference case. Resting on the fact that the court in Rawlings ruled that the illegal detention did not rise to a level of conscious or flagrant misconduct. Because the court ruled that Rawlings alleged statements was not the fruit of a illegal detention. Which in the petitioners case, the very first alleged statement obtained by Tim Jones was the fruit of an illegal custodial interrigation while in custody.

The petitioner further states that after receiving no Miranada warnings, to safe-guard, the petitioner priviledge against self-incrimination. And during this period of illegal custodial interrigation, according to testimony the state obtained incriminating statements according to testimony; see (pg 93, 94). Which is the reason why the petitioner argues that the state cannot carry its burden of showing that the alleged statements was not the fruit of the illegal custodial interrigation.

All due to the fact that Tim Jones according to the record, used the petitioners alleged unwarned statements, to further pressure the petitioner into waiving his rights not to be a witness against himself. Again see (pg. 85) because Tim Jones made it clear to the petitioner according to transcripts, that the information, obtained allegedly in violation of Miranada. Would have been used against him in the future. Not to mention, that a later alleged statement was the very same statement, as the initial alleged statement in violation of Miranada; see (pg. 88-90 vs pg. 91). So the petitioner has to state that there is no way, that is according to the transcripts, that the petitioners alleged statements all of them was not the fruit of the first alleged statement.

The petitioner further states, that a large portion of the argument in the above paragraph, is recognized in (U.S. vs Bayer 331 U.S 532, 67 S. ct 1394) as the cat out of the bag analogy. Although the court in Bayer, states that it has never gone so far, as to hold, that making a confession under circumstances which preclude its use, or perpetually disable the confessor from making a usable one after those conditions have been removed. Which the petitioner states to the court, again referring to Brown vs Ill, that no intervening acts of significance (such as presentment before magistrate consultation with counsel or release from custody, had occured between the arrest and the first alleged statement).

Which the first alleged unwarned custodial interrigation undoubtly recognized and according to case law would perpetually disable, the petitioners alleged later statements to be used by the state in its case in chief according to Brown, and Bayer. That is if the conditions of an illegal custodial interrogation, was not removed. Which the petitioner argues that none of the conditions was removed, only pressures of more hopelessness was added, according to the entire record. By being dominated by a police dominated atmosphere, and no release from custody, humiliation of the arrest, over shawowed by the initial interrigation alleged to be in violation of miranda.

The petitioner now moves to close this argument stating, that he has shown with substantial evidence that he was denied his 5th const. Amend. Right, before trial and during trial. Which the violation of the petitioners rights, made his conviction illegal, which as a result the petitioners incarceration is illegal and cannot stand. All due to no miranda warnings, defective miranda warnings, and or exploitation of the petitioners prior unwarned alleged admissions to pressure, the petitioner into futher waiving his right against self incrimination.

The petitioner further states that anything less then a suppression of all alleged statements, and a grant of a new trial, would be a total let down, in the U.S. Constitution, and the miranda warnings, that are intended to safeguard a citizens rights against self-incrimination, to nothing more than a mere form of words.