```
 1   intent to deliver the marijuana.  Deliver or delivery
 2   means the actual, constructive, or attempted transfer
 3   from one person to another a controlled substance
 4   whether or not there was any agency relationship.  A
 5   person acts intentionally when it is his conscious
 6   object or purpose to engage in conduct of that nature.
 7              If, after considering all of the evidence,
 8   you find that the State has established beyond a
 9   reasonable doubt that the defendant acted in such a
10   manner as to satisfy all of the elements which I have
11   just stated, at or about the date and place stated in
12   the indictment, you should find the defendant guilty
13   of possession of marijuana with intent to deliver.  If
14   you do not so find, or you entertain a reasonable
15   doubt, you may consider the lesser-included offense of
16   possession of marijuana.
17              In order to find the defendant guilty of
18   possession of marijuana, you must find all of the
19   following elements have been proven beyond a
20   reasonable doubt:  Number one, the material seized by
21   the police, analyzed by the State Medical Examiner and
22   introduced into evidence is marijuana.  And, number
23   two, the defendant had the material in his possession.
```

05-577

DAVID WASHINGTON
Official Court Reporter

pg. 125



FILED
AUG -8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

```
 1    Possession, in addition to its ordinary meaning,
 2    includes location in and or about the defendant's
 3    person, premises, belongings, vehicle or otherwise
 4    within his reasonable control.  A person possesses
 5    something wherever it is located only if he has
 6    dominion, control, and authority over it.  And, number
 7    three, the defendant acted knowingly, that is, he knew
 8    or was aware he possessed the substance alleged.  A
 9    person acts knowingly with respect to possession
10    within the meaning of this chapter when he knows or is
11    aware of such possession.
12            If, after considering all of the evidence,
13    you find that the State has established beyond a
14    reasonable doubt that the defendant acted in such a
15    manner as to satisfy all of the elements which I have
16    just stated, at or about the date and place stated in
17    the indictment, you should find the defendant guilty
18    of possession of marijuana.  If you do not so find,
19    you should find the defendant not guilty of possession
20    of marijuana.
21            As to Count No. 3, possession within
22    1,000 feet of a school:  In order to find the
23    defendant guilty of possession of cocaine within 1,000
```

```
 1    feet of a school, you must find all of the following
 2    elements have been proven beyond a reasonable doubt:
 3    Number one, the material seized by the police,
 4    analyzed by the State Medical Examiner and introduced
 5    into evidence is cocaine.  Number two, the defendant
 6    had the material in his possession.  I have previously
 7    defined the term possession for you.  Number three,
 8    the defendant acted knowingly, that is, he knew or was
 9    aware that he possessed the substance alleged.  Number
10    four, the defendant is over 18 years of age.  And,
11    number five, the defendant possessed the cocaine
12    within 1,000 feet of the West Laurel Elementary
13    School.
14          If, after considering all of the evidence,
15    you find that the State has established beyond a
16    reasonable doubt that the defendant acted in such a
17    manner as to satisfy all of the elements which I have
18    just stated, at or about the date and place stated in
19    the indictment, you should find the defendant guilty
20    of possession of cocaine within 1,000 feet of a
21    school.  If you do not so find, or entertain a
22    reasonable doubt, you must find the defendant not
23    guilty of possession of cocaine within 1,000 feet of a
```

```
 1   school.
 2              Count 4, possession of marijuana within 1,000
 3   feet of a school:  In order to find the defendant
 4   guilty of possession of marijuana within 1,000 feet of
 5   a school, you must find all of the following elements
 6   have been proven beyond a reasonable doubt:  Number
 7   one, the material seized by the police, analyzed by
 8   the State Medical Examiner and introduced into
 9   evidence is marijuana.  Number two, the defendant had
10   the material in his possession.  I have previously
11   defined the term possession for you.  Number three,
12   the defendant acted knowingly, that is, he knew or was
13   aware he possessed the substance alleged.  Number
14   four, the defendant is over 18 years of age.  And,
15   number five, the defendant possessed marijuana within
16   1,000 feet of the West Laurel Elementary School.
17              If, after considering all of the evidence,
18   you find that the State has established beyond a
19   reasonable doubt that the defendant acted in such a
20   manner as to satisfy all of the elements which I have
21   just stated, at or about the date and place stated in
22   the indictment, you should find the defendant guilty
23   of possession of marijuana within 1,000 feet of a
```

DAVID WASHINGTON
Official Court Reporter

pg. 128

```
 1   school.  If you do not so find, or you entertain a
 2   reasonable doubt, you must find the defendant not
 3   guilty of possession of marijuana within 1,000 feet of
 4   a school.
 5              As to Count No. 5, criminal impersonation:
 6   In order to find the defendant guilty of criminal
 7   impersonation, you must find all of the following
 8   elements have been established beyond a reasonable
 9   doubt:  Number one, the defendant performed an act in
10   the assumed character with the intent to defraud
11   another person with the intent to obtain a benefit
12   from another person.
13              If, after considering all of the evidence,
14   you find that the State has established beyond a
15   reasonable doubt that the defendant acted in such a
16   manner as to satisfy all of the elements which I have
17   just stated, at or about the date and place stated in
18   the indictment, you must find the defendant guilty of
19   criminal impersonation.  If you do not so find, or if
20   you entertain a reasonable doubt, you must find the
21   defendant not guilty.
22              As to Count No. 6, possession of drug
23   paraphernalia:  In order to find the defendant guilty
```

```
 1    of possession of drug paraphernalia, you must find all
 2    of the following elements have been established beyond
 3    a reasonable doubt:  Number one, the material which
 4    was possessed was drug paraphernalia, i.e., several
 5    small baggies.  Drug paraphernalia is defined by
 6    statute as any item that a person who engaged in the
 7    conduct used or intended to use, pack, store, or
 8    contain a controlled substance.  Number two, the
 9    defendant had the material in his possession.  I
10    previously defined possession for you.  Number three,
11    the defendant acted knowingly, that is, he knew or was
12    aware he possessed the drug paraphernalia.  Number
13    four, that defendant intended to use the drug
14    paraphernalia to pack, store, contain, ingest, inhale
15    or otherwise introduce into the human body a
16    controlled substance.  With reference to the word
17    intent, the statute provides:  A person acts
18    intentionally when it is his conscious object or
19    purpose to engage in conduct of that nature.
20            If, after considering all of the evidence,
21    you find that the State has established beyond a
22    reasonable doubt that the defendant acted in such a
23    manner to satisfy all of the elements which I have
```

DAVID WASHINGTON
Official Court Reporter
pg. 130

```
 1    just stated, at or about the date and place stated in
 2    the indictment, you should find the defendant guilty
 3    of possession of drug paraphernalia.  If you do not so
 4    find, or if you entertain a reasonable doubt, you
 5    should find the defendant not guilty of possession of
 6    drug paraphernalia.
 7              I have instructed that an element of the
 8    offense charged is that the defendant acted with a
 9    required state of mind or with a particular belief.
10    It is, of course, difficult to know what is going on
11    in another person's mind.  Therefore, our law permits
12    the jury to draw an inference or, in other words, to
13    reach a conclusion about the defendant's state of mind
14    from the facts and circumstances surrounding the acts
15    the defendant is alleged to have done.  In reaching
16    this conclusion, you may consider whether a reasonable
17    man in the defendant's circumstances would have had or
18    lacked the requisite state of mind or belief.  You
19    should, however, keep in mind at all times that it is
20    this defendant's state of mind or belief which is at
21    issue here, and in order to convict the defendant, you
22    are required to find beyond a reasonable doubt that
23    the state of mind or belief required for guilt
```

1   existed.
2          There are two types of evidence from which
3   you, as the jury, may properly find the facts of a
4   case.  One is direct evidence.  The testimony of an
5   eyewitness is an example of direct evidence.  The
6   other is indirect or circumstantial evidence, that is,
7   the proof of facts and circumstances from which the
8   existence or non-existence of other facts may
9   reasonably be inferred.  In this case, the State and
10  defendant have relied in part upon circumstantial
11  evidence.  It is not usual in a criminal case to rely
12  upon circumstantial evidence.  To warrant a
13  conviction, all the evidence, direct and
14  circumstantial, must lead you to conclude beyond a
15  reasonable doubt that the accused committed the
16  offenses charged.
17         You, as the jury, are the sole judges of the
18  credibility of each witness who has testified and of
19  the weight to be given to the testimony of each.  If
20  you should find the evidence in this case to be in
21  conflict, then it is within your province to reconcile
22  the conflicts, if you can, as to make one harmonious
23  story of it all.  If you cannot reconcile these

```
 1   conflicts, then it is your duty to give credit to that
 2   portion of the testimony which you believe is worthy
 3   of credit, and you may disregard that portion of the
 4   testimony which you do not believe to be worthy of
 5   credit.
 6              In considering the credibility of witnesses
 7   and in considering any conflict in the testimony, you
 8   should take into consideration each witness' means of
 9   knowledge, strength of memory and opportunity for
10   observations, the reasonableness or unreasonableness
11   of the testimony, the consistency or inconsistency of
12   the testimony, the motives actuating the witness, the
13   fact, if it is a fact, that the testimony has been
14   contradicted, the witness's bias, or prejudice, or
15   interest in the outcome of the litigation, the ability
16   of the witness to have acquired the knowledge of the
17   facts to which the witness testified, the manner and
18   demeanor of the witness while on the witness stand,
19   and the apparent truthfulness of the testimony, and
20   any and all facts and circumstances shown by the
21   evidence which affect the credibility of the
22   testimony.
23              The role of an attorney is zealously and
```

```
 1    effectively advance the claims of the party he or she
 2    represents within the bounds of the law.  An attorney
 3    may argue all reasonable inferences from the evidence
 4    in the record.  However, it is not proper for an
 5    attorney to state his or her personal opinion as to
 6    the truth or falsity of any testimony or evidence or
 7    his or her opinion as to the guilt or innocence of an
 8    accused.  What an attorney personally thinks or
 9    believes about the testimony or evidence in a case is
10    not relevant, and you are instructed to disregard any
11    personal opinion or belief concerning testimony or
12    evidence which an attorney may have offered during the
13    course of the trial.
14            Further, what an attorney states in his or
15    her opening or closing arguments is not evidence.
16    Evidence consists of the testimony from witnesses
17    testifying from the witness stand, and exhibits
18    introduced through their testimony.  It is this
19    evidence only which you may consider in reaching your
20    verdicts.
21            I instruct you that your verdict must be
22    based solely and exclusively on the evidence in the
23    case, that you cannot be governed by passion,
```

```
1    to have money to have them.  The other thing we know
2    with drugs, you need something to use the cocaine,
3    whether it is a straw or pipe to smoke the crack.
4    With the marijuana, whether it is rolling papers, a
5    bong, you need something to use it.  Those are all
6    facts.  There is no dispute to any of that.
7              What else do we know that's a fact?  Well,
8    regardless of who you believe authored this letter,
9    and Shay Smalls testified, you heard her testimony,
10   you can draw whatever credibility and weight you want
11   to it, she said this was Alonzo's writing.  If you
12   don't believe it completely, throw that out.  We know
13   this letter, whoever addressed it, knew the nickname
14   of Priscilla Barnes, knew the nickname of Alonzo
15   Cannon, and the letter came from the location
16   consistent with Mr. Cannon, and they do know the
17   address.  And let's think about this letter now.  What
18   do they want in the letter?  This person, this author?
19   They want help:  Come help me, quote: "Help me, I'll
20   give you $1,000", help me, I'll give you a $1,000,
21   come to court.  And when was this letter turned over?
22   If Priscilla Barnes and Shay Smalls was out to get
23   Alonzo Cannon, Boogie, they are friends up until now,
```

```
1    you know, they could have put together a better
2    confession, a statement through the form of a letter
3    if they were out to get him.  Why would they wait two
4    months to turn it over to the State only at the
5    State's request?  So the State believes it is
6    consistent with this letter.  Again, it is an
7    acknowledgement of guilt.  But there is more than
8    that.  This alone, possession with the intent to
9    deliver, the whole picture.  When you go back to the
10   jury room, you have to use your common sense.  And how
11   do you use it?  Getting the whole picture.  You heard
12   the testimony.  The defendant was unemployed.  He had
13   cash prior to this.  Ms. Barnes said a couple days
14   before she saw him counting the $1,000 outside the
15   Little Creek Apartments, which Officer Layfield
16   testified is a drug area, a hang out.  Shay Smalls
17   didn't want to say much, $100.  A large amount,
18   unemployed, cash prior to this, doesn't use cocaine,
19   which was confirmed through testing.  Well, keep in
20   mind that with intent to deliver, you'll see there is
21   no requirement that there is money involved.  It
22   doesn't have to be the same.  It's to deliver and
23   transfer.  Well, the bottom line, all these things, if
```

```
 1   story.  You should give things the weight you wish to
 2   give them, Others you shouldn't.  And I suspect when
 3   Mr. Callaway comes up and addresses you, he will have
 4   the throw-the-baby-out-with-the-bath-water argument.
 5   How does that go?  Clearly this incident happened back
 6   in October of 2000, over seven months ago.  Any of us
 7   with common sense, if an accident happens on videotape
 8   and seven people see it, witnesses, even months later
 9   it would be natural to have some inconsistencies.  You
10   draw your own conclusions, but it might be more
11   concerning if everything was exactly the same.  So we
12   are talking about seven months ago.  Some people that
13   have testified or have written documentation about
14   what happened on that night over and over again, so
15   let's look at some of the things, again, to focus on.
16   The State asks, after you have heard both arguments,
17   not to get sucked in with the throw the baby out with
18   the bath water.  You draw one harmonious story.  If
19   you want to throw out things, Priscilla Barnes, what
20   she testified to that she had to unlock the door.  The
21   officer testified, no, she didn't.  Okay, so what?  So
22   throw out everything she said?  Everything she said
23   was confirmed by other people, the incident with the
```

```
 1   were twelve bags of marijuana.  There are eleven.  How
 2   does that diminish the case?  There are two pictures
 3   in evidence.  You can see the pictures taken that
 4   night.  It is Officer Layfield's catalog report.  If
 5   it was one, he testified he's not sure what happened,
 6   whether he was saying it was in one bag, which would
 7   be twelve and there were eleven bags within it,
 8   whether that was going through his mind or he made a
 9   mistake.  Maybe he was thinking about the cocaine.
10   Regardless, we have pictures.  The ME says there is
11   eleven here and eleven, when the ME testified to the
12   fact that Officer Layfield did make a catalog report.
13   Does that undermine any of the big picture?  Keep in
14   mind as Mr. Callaway talks to you:  He is asking me to
15   throw the baby out with the bath water.  How does
16   whatever he is telling me affect the harmonious story
17   of this in my mind after hearing all the evidence?
18           Now, the statements.  Officer Layfield
19   testified to some statements that were made by the
20   defendant in this case, nickle bags, and unknown
21   amount of cocaine bought in Wilmington.  It wasn't
22   taped.  Think about it.  Mr. Callaway will point out,
23   well, Officer Layfield could have been lying about
```

```
 1    that.  Officer Layfield was going to lie about that?
 2    He could have given me something better.  He could
 3    have gave me a full confession:  Yeah, I was dealing,
 4    supporting my kids.  He didn't give you that.  Why did
 5    he not give me that?  Draw your conclusions.  He told
 6    you what the truth was as to what his statement was.
 7    So looking at all this, you heard all the facts.  The
 8    only thing left is argument.
 9              The State can't change anything you have
10    heard or seen or witnessed.  You are to use your
11    common sense.  When you apply your common sense to
12    this whole picture and to the charges and the elements
13    that are before you, using both direct and
14    circumstantial evidence, which the law permits you,
15    there is one clear, harmonious story, that is, on
16    October 11th, Alonzo Cannon possessed this cocaine
17    with the intent to deliver it, he possessed that
18    marijuana with the intent to deliver it, it was within
19    1,000 feet of a school for both possessions, then he
20    gave a false name of Nate Barnes, which was
21    corroborated by the police.  I thank you for your time
22    and attention.
23              THE COURT:  Mr. Callaway.
```

DAVID WASHINGTON
Official Court Reporter

pg. 139

```
 1              THE COURT:  I think you already noted them,
 2   but that's fine.
 3              MR. CALLAWAY:  Thank you.
 4              (Whereupon, Court stood in recess to await
 5        the jury's verdict.)
 6              THE COURT:  Bring them in, please.
 7              (Whereupon, the jury returned to the
 8        courtroom.)
 9              THE COURT:  Good afternoon.
10              THE JURY:  Good afternoon.
11              THE COURT:  I understand you have reached a
12   verdict.  Is it unanimous?
13              MR. FOREMAN:  Yes.
14              THE CLERK:  Mr. Foreman, please rise.  Has
15   the jury agreed upon the verdict?
16              MR. FOREMAN:  Yes, we have.
17              THE CLERK:  Does the jury find the defendant
18   at the bar, as to Count 1, possession with the intent
19   to deliver cocaine, guilty as charged, or guilty of
20   possession of cocaine, or not guilty?
21              MR. FOREMAN:  Guilty as charged.
22              THE CLERK:  As to Count 2, possession with
23   the intent to deliver marijuana, guilty as charged, or
```

```
1    guilty of possession of marijuana, or not guilty?
2             MR. FOREMAN:  Guilty as charged.
3             THE CLERK:  As to Count 3, possession of
4    cocaine within 1,000 feet of a school, guilty as
5    charged, or not guilty?
6             MR. FOREMAN:  Guilty as charged.
7             THE CLERK:  As to Count 4, possession of
8    marijuana within 1,000 feet of a school, guilty as
9    charged or not guilty?
10            MR. FOREMAN:  Guilty as charged.
11            THE CLERK:  As to Count 5, criminal
12   impersonation, guilty as charged or not guilty?
13            MR. FOREMAN:  Guilty as charged.
14            THE CLERK:  As to Count 6, possession of drug
15   paraphernalia, guilty as charged or not guilty?
16            MR. FOREMAN:  Guilty as charged.
17            THE CLERK:  Members of the jury, hearken to
18   the verdicts as the Court has recorded it, your
19   foreperson reports the jury finds the defendant at the
20   bar, as to Count 1, possession with the intent to
21   deliver cocaine, guilty as charged; as to Count 2,
22   possession with the intent to deliver marijuana,
23   guilty as charged; as to Count 3, possession of
```

```
 1    cocaine within 1.000 feet of a school, guilty as
 2    charged; as to Count 4, possession of marijuana within
 3    1,000 feet of a school, guilty as charged; as to Count
 4    5, criminal impersonation, guilty as charged; as to
 5    Count 6, possession of drug paraphernalia, guilty as
 6    charged.  So say you all?
 7                 THE JURY:  Yes.
 8                 THE COURT:  Thank you.
 9         Mr. Callaway, do you want the jury polled?
10                 MR. CALLAWAY:  No, Your Honor.
11                 THE COURT:  All right, ladies and gentlemen,
12    I know it has been a long three days.  We thank you
13    very much for your service, your time, and attention.
14    Have a good afternoon.  Call in tonight.  We may need
15    you to come back in tomorrow.
16          (Whereupon, the jury was excused and left the
17          courtroom.)
18                 THE COURT:  We will order a presentence
19    investigation.  A date for sentencing?
20                 MS. LeCATES:  June 22nd, Your Honor, at 11:00
21    a.m.  Okay.  All right.  Thank you very much.
22                 MR. GELOF:  Thank you.
23                 MR. CALLAWAY:  Thank you, Your Honor.
```

DAVID WASHINGTON
Official Court Reporter

pg. 142