IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALONZO CANNON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-577-GMS |
| | : | |
| THOMAS CARROLL, Warden and CARL C. DANBERG, Attorney General for the State of Delaware, | : : : | |
| | : | |
| Respondents.[1] | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On April 26, 2001, the petitioner, Alonzo Cannon, was convicted by a Delaware Superior Court jury of possession with intent to deliver cocaine, possession with intent to deliver marijuana, two counts of possession of contraband drugs within 1,000 feet of a school, possession of drug paraphernalia, and criminal impersonation. On June 22, 2001, Cannon was sentenced to an aggregate of forty-one years in prison, suspended after eighteen years for twenty-three years of declining levels of probation. Cannon's convictions and sentence were affirmed on appeal. *Cannon v. State*, No. 298, 2001, 2002 WL 188328 (Del. Jan.31, 2002). In May 2003, Cannon moved the Superior Court for postconviction relief under Criminal Rule 61. *See State v. Cannon*, 2004 WL 1551500 (Del. Super. Ct.). On June 16, 2004, Superior Court denied Cannon's motion. Cannon's

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Carl Danberg assumed office on December 8, 2005, replacing former Attorney General M. Jane Brady, an original party to this case.

appeal of the Superior Court's decision was dismissed as untimely. *See Cannon v. State*, No. 308, 2004, 2004 WL 1965585 (Del. Aug. 27, 2004). Cannon's federal habeas petition is dated Aug. 6, 2005. D.I. 1 at 15.

## Facts

The relevant facts of this case, as noted by the Delaware Supreme Court in *Cannon*, 2002 WL 188328 at *1, are as follows:

> [] On October 10, 2000, two probation officers and two police officers knocked on the door of 209 Little Creek Apartments in Laurel. Priscilla Barnes answered the door. The officers informed her that they were looking for Cannon, who was in violation of his parole-mandated curfew by not being at his own home after 10 p.m. The officers explained that they thought that Cannon frequently visited the apartment. Barnes told the officers that she did not think Cannon was in the apartment but she stated, "you can come in and check if you want to because I have no reason to lie."

> [] Barnes led the officers through each of the apartment's rooms. When she found her 15-year-old daughter Marshay's bedroom door locked, she decided to open the door with a hanger. Barnes and the officers then discovered Marshay and Cannon naked and in bed together. Marshay admitted that she had snuck Cannon into the apartment and her room earlier in the evening. Cannon's clothes were at the foot of the bed and a man's jacket lay on the floor by the doorway. Officer Gary Layfield gave Cannon Miranda warnings. The officers searched the man's jacket pockets and found eleven individually wrapped bags of marijuana and twelve individually wrapped bags of cocaine. The officers then asked Cannon if he owned the jacket. Cannon initially denied owning the jacket and stated it belonged to Nate Barnes, Marshay's 15-year-old brother. Cannon ultimately admitted the jacket belonged to him.

## Discussion

In his federal habeas petition, Cannon presents the following claims: (1) trial counsel provided ineffective assistance by failing to prepare for trial, by failing to attack the credibility of prosecution witnesses, and by failing to force the prosecutor to establish that Cannon was given his

*Miranda*[2] warnings; (2) prosecutorial misconduct for vouching for the credibility of three witnesses, allowing perjured testimony to go uncorrected and using false testimonial evidence; (3) a police officer perjured himself at trial; and (4) Cannon was given *Miranda* warnings or was given defective warnings.  D.I. 1, 2.  Cannon's claims, however, are unavailing.

*Untimely claims*

Cannon is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. § 2244(d).  Because Cannon's petition was filed in August 2005, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996.  *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997).  Cannon does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.  Thus, the one-year period of limitations began to run when Cannon's conviction became final under § 2244(d)(1)(A).  *See, e.g., Gibbs v. Carroll*, 2004 WL 1376588, *2 (D. Del.).    By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review.  *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).  The Delaware Supreme Court affirmed Cannon's conviction and sentence on January 31, 2002.  *Cannon*, 2002 WL 188328 at *2.  Although Cannon did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on May 1, 2002.  *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999)

---

[2]  *Miranda v. Arizona*, 384 U.S. 436 (1966).

(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court).  Cannon thus had until May 2, 2003, to file his federal habeas petition without running afoul of § 2244(d).  *See, e.g., Samuel v. Carroll*, 2004 WL 1368845 (D. Del.); *Morales v. Carroll*, 2004 WL 1043723 (D. Del.).  Cannon's petition, dated August 6, 2005, is obviously filed past the May 2003 deadline.[3]  The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled.  *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Cannon's petition from the running of the limitations period.  *See* 28 U.S.C. § 2244(d)(2).  When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts.  Although Cannon's postconviction motion acted to toll the limitations period, more than one year elapsed between the completion of Cannon's state postconviction proceedings and the filing of his federal habeas petition, and his claims are time barred.  In the first instance, a year elapsed after May 1, 2002, the date after which the limitations period started to run, before Cannon filed a state postconviction motion in the Delaware Superior Court on May 2, 2003.  *See Cannon*, 2004 WL 1551500 at *1.  The court denied the motion on June 16, 2004.  Although Cannon appealed from the denial of postconviction relief, the Delaware Supreme Court dismissed the appeal as untimely.  *See Cannon*, 2004 WL 1965585 at *1.  The limitations period was tolled

---

[3] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

during the pendency of Cannon's postconviction action, and for the thirty day period after the denial of the motion during which time Cannon could have filed a notice of appeal. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). Thus, the limitations period was tolled from May 2, 2003, through July 16, 2004, the date the thirty-day period for filing an appeal expired;[4] the one-year period of limitation was not tolled while petitioner's untimely appeal was before the state supreme court. *See Eley v. Snyder*, 2002 WL 441325, *2-3 (D. Del.). The limitations clock began to run again on July 17, 2004. Cannon did not file another state postconviction motion or petition prior to the filing of his federal habeas petition on August 6, 2005. Thus, more than another year ran prior to the filing of Cannon's petition. As a result, the one-year limitations period of § 2244 expired, and Cannon's claims are untimely and should be dismissed.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del.) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Cannon has failed to allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Cannon cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance." *Wilmer v. Carroll*, 2003 WL 21146750, *5 (D. Del.); *see Simpson v. Snyder*, 2002 WL 1000094, order at *3 (D. Del.) (rejecting such an

---

[4] *See Cannon*, 2004 WL 1965585 at *1 (noting that a timely notice of appeal had to be filed by July 16, 2004).

argument made by petitioner). In short, Cannon's claims are untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

*Procedurally defaulted claims*

Alternatively, Cannon's claims are without merit. In order to exhaust state remedies, Cannon must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del.). "It is not necessary, however, that the state's highest court decide petitioner's claims on the merits before those claims can be considered exhausted." *Kirby v. Delaware Via Detainer*, 2001 WL 641729, *3 (D. Del.) (citations omitted). Cannon presented his first three claims in his state postconviction motion, but he failed to timely appeal the Superior Court's denial of the motion. *See Cannon*, 2004 WL 1965585 at *1. The Delaware Supreme Court's denial of Cannon's appeal as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Thus, Cannon's claims 1-3 are exhausted, but procedurally barred. *See Kirby*, 2001 WL 641729, *3 (holding petitioner's claim to be procedurally barred where the state supreme court rejected petitioner's appeal as untimely).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of

justice. *See Coleman*, 501 U.S. at 750-51; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a "petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In his petition, Cannon has alleged ineffective assistance of counsel as cause for his failure to raise these three claims on direct appeal from his conviction. Further, Cannon alleges that he was prevented from timely docketing his appeal from the denial of his postconviction motion because he was out of stamps. *See Cannon*, 2004 WL 1965585 at *1. In the first instance, an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in state court must itself be independently exhausted. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000); *Carrier*, 477 U.S. at 488-89. As noted above, Cannon's ineffective assistance claims have not been exhausted. Thus, Cannon has failed to establish cause for his procedural default in state court, and his claims can be dismissed on that basis alone. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del.). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

*Miranda claim*

Cannon's fourth claim for relief, that his *Miranda* rights were violated, was presented to the state supreme court on direct appeal from his conviction, and thus the claim has been exhausted. *See*

7

*Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Cannon's claim, however, does not provide a basis for relief. Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or the state court's decision was an unreasonable determination of the facts based on the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). Cannon contends both that the state courts made an unreasonable determination of the facts and an unreasonable application of clearly established federal law.

The relevant clearly established law concerning pre-interrogation warnings is *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny. *See Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004). In *Miranda*, the United States Supreme Court established the rule that, during a custodial interrogation, an accused must be warned prior to questioning of his rights to remain silent and to an attorney. 384 U.S. at 478-79. Subsequent to its decision in *Miranda*, the Supreme Court made clear that it "never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given" and that '[q]uite the contrary, *Miranda* itself indicated that no talismanic incantation

was required to satisfy its strictures." *California v. Prysock*, 453 U.S. 355, 359 (1981). Cannon contends that either he was not given *Miranda* warnings at all or he was given defective *Miranda* warnings. Both the trial court and the Delaware Supreme Court found that Cannon had been read his *Miranda* warnings before he spoke to police. *See Cannon*, 2002 WL 188328 at *2. Officer Layfield testified at the suppression hearing that he had read Cannon *Miranda* warnings from a pre-printed card. *Id.* Probation Officer Jones also testified that Cannon had received his *Miranda* warnings at the apartment. *Id.* The trial court suppressed a statement Cannon made to Jones prior to the warning. *See* D.I. 2 at 115. The factual findings of the state courts are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. §§ 2254(e)(1); *Campbell*, 209 F.3d at 286 (presumption of correctness applies to both explicit and implicit findings of fact); *Ahmad v. Redman*, 782 F.2d 409, 412-14 (3d Cir. 1986); *see also Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in §2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). Cannon, complaining only that the testimony of Officer Layfield, who omitted one warning during his suppression hearing testimony while being interrupted by the judge (*see* D.I. 2 at 51-52), has not presented evidence to rebut the presumption of correctness. Thus, the state courts' decision that Cannon had been advised of his complete *Miranda* rights before questioning by the police was a reasonable determination of the facts based on the evidence presented at Cannon's suppression hearing. *See* 28 U.S.C. § 2254(d)(2).

Further, Cannon's asserts that because the trial court suppressed the one statement made prior to *Miranda* warnings, all of his subsequent statements should have been suppressed. D.I. 2 at 39-43. In *Oregon v. Elstad*, 470 U.S. 298 (1985), the Supreme Court held that where an interrogator's good

9

faith failure to give *Miranda* warnings, subsequent post-warning statements were admissible. More recently, in *Missouri v. Seibert*, 542 U.S. 600 (2004), a plurality of the Court found that a two-stage interrogation technique where an arrestee was questioned without warnings until a confession was elicited and then questioned about that confession after *Miranda* warnings thwarted the purpose of *Miranda*. In this case, Cannon's probation officer took Cannon aside immediately after his arrest and asked him whether he would test positive for marijuana or cocaine. *See* D.I. 2 at 88-90, 115. The probation officer then took Cannon into another room where a police officer read him *Miranda* warnings before asking about the ownership of the jacket. Clearly, this situation was more analogous to the *Elstad* case. *See, e.g., Reinhert v. Larkins*, 379 F.3d 76, 90-91 (3d Cir. 2004). The probation officer testified that he routinely asks probationers whether they will test positive for drugs before administering a drug test as part of the conditions of probation. *See* D.I. 2 at 89. This is quite different from an interrogation technique developed to circumvent the requirements of *Miranda* as was described in *Seibert*. Thus, the state court's decision not to suppress Cannon's post-warning statements was a reasonable application of relevant United States Supreme Court precedent, and this claim should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Cannon's preliminary hearing (Oct. 19, 2000), suppression hearing (Feb. 21, 2001), trial (Apr. 23-25), and sentencing (June 22, 2001) have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: February 16, 2006