Not Reported in F.Supp.2d                                                                                                                              Page 1
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1368845
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Harry L. SAMUEL, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
No. Civ.A.03-487-SLR.

June 9, 2004.

Harry L. Samuel, petitioner, pro se.
Loren C. Meyers , Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Harry L. Samuel is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court concludes that his application is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1). Accordingly, the court will dismiss the application as untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner attacked two counselors at the Plummer House Work Release Center in Wilmington, Delaware. A grand jury indictment charged him with attempted murder, second degree assault, two counts of assault in a detention facility, and four counts of possession of a deadly weapon during the commission of a felony. Thereafter, in October 1994, a Delaware Superior Court jury found petitioner not guilty of attempted murder, but guilty of the lesser included offense of first degree assault. The jury also convicted him of the remaining charges. *See Samuel v. State,* 676 A.2d 906, \* \*1 (Del.1996).

On direct appeal, the Delaware Supreme Court ordered the two assault convictions to be merged with the two counts of assault in a detention facility and remanded the case for re-sentencing. *Id.* Petitioner was re-sentenced on May 31, 1996 to a total of 98 years incarceration. *See Samuel v. State,* 694 A.2d 48 (Del.1997). These sentences were affirmed on appeal. *Id.* at \* \*2.

On November 19, 2001, petitioner applied to the Delaware Superior Court for a copy of the trial transcript. This request was denied, and petitioner's ensuing appeal was dismissed for lack of jurisdiction. *Samuel v. State,* 788 A.2d 132 (Del.2001)

On April 28, 2003, the United States Supreme Court denied petitioner's application for a writ of certiorari seeking review of his sentences. *Samuel v. Delaware,* 538 U.S. 1004 (2003). Thereafter, on August 11, 2003, petitioner moved for a reduction of sentence in the Delaware Superior Court. The Superior Court denied the motion on September 11, 2003, and petitioner did not appeal. (D.I. 13, at ¶ 2)

III. DISCUSSION

Presently before the court is petitioner's *pro se* application for federal habeas relief. (D.I.2) He asserts three habeas claims: (1) the 1996 re-sentencing court erred in denying his request for a continuance to obtain a psychiatric evaluation; (2) the judge who re-sentenced him had a closed mind and relied on impermissible factors in imposing the sentences; and (3) the weapons offenses related to the assault convictions should have been vacated because the assault convictions were merged with the assault in a detention facility convictions. (D.I.2)

Respondents contend that the entire petition is time-barred and ask the court to dismiss the petition as untimely. (D.I.13) Petitioner's habeas petition is now ready for review.

A. One-Year Statute of Limitations

**\*2** The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day time-period] for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 157 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on April 16, 1997. *Samuel v. State,* 694 A.2d 48 (Del.1997). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on July 15, 1997. Thus, to timely seek habeas relief with this court, petitioner needed to file his § 2254 habeas application no later than July 15, 1998

A *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003). Petitioner's habeas application is dated May 17, 2003. Therefore, the court adopts May 17, 2003 as the presumptive filing date. *See Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With May 17, 2003 as the filing date, petitioner filed his application almost five years too late. As such, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

  **\*3** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at \*2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for sentence reduction on August 11, 2003, the one-year federal habeas limitations period had already expired on July 15, 1998. As such, this motion does not toll, or revive, the federal habeas limitations period.[FN1] *See Lawrence v. Carroll,* 2003 WL 21402509, at \*2 (D. Del. June 10, 2003). Thus, petitioner's habeas application is time-barred unless the one-year time period is equitably tolled.

> FN1. Moreover, the Delaware Superior Court denied the motion for sentence reduction as untimely. Consequently, it was not "properly filed" for purposes of § 2244(d)(2) and could not trigger the statutory tolling doctrine. *See, e.g., Wilmer v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Carroll,* 2003 WL 21146750, at *3-4 (D.Del. May 16, 2003).

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998) (internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly," *see United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998), and the Third Circuit permits equitable tolling for habeas applications in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones,* 195 F.3d at 159.

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). Basically, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159.

Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, his § 2254 application will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

**\*4** Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas application must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Samuel v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1368845

Briefs and Other Related Documents (Back to top)

• 1:03CV00487 (Docket) (May. 20, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.