Not Reported in F.Supp.2d                                                                                                                      Page 1
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1043723
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Luis MORALES, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. 03-220-JJF.**

April 28, 2004.

Luis Morales, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.
**\*1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.1) filed by Petitioner, Luis Morales. For the reasons set forth below, the Court will dismiss the Petition as time-barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

BACKGROUND

In January 1996, Petitioner was convicted by a jury in the Delaware Superior Court of delivery of heroin, possession with intent to deliver heroin, maintaining a dwelling, possession of a hypodermic needle and syringe, and conspiracy. The Delaware Superior Court concluded that Petitioner was a habitual offender and sentenced him to life in prison. On direct appeal, the Delaware Supreme Court affirmed the conviction, but reversed the superior court's determination that Petitioner was a habitual offender. *Morales v. State,* 696 A.2d 390 (Del.1997) (*"Morales I"* ).

Petitioner was resentenced on October 3, 1997. Petitioner did not appeal his new sentence. On October 10, 2000, Petitioner filed a motion for state post-conviction relief, which the Delaware Superior Court denied as time-barred under the three-year limitations period set forth in Delaware Criminal Rule 61(i)(1). *State v. Morales,* 2001 WL 1486169 (Del.Super.Oct. 31, 2001) (*"Morales II"* ). On appeal, the Delaware Supreme Court affirmed the decision of the Delaware Superior Court. *Morales v. State,* 2002 WL 272307 (Del. Feb. 22, 2002) (*"Morales III"* ).

By his federal habeas Petition, Petitioner raises three claims for relief: (1) counsel provided ineffective assistance by failing to obtain an interpreter for Petitioner during trial; (2) the police conducted an illegal search; and (3) Petitioner's due process rights were violated because he was precluded from presenting a mistaken identity defense. In their Answer Brief, Respondents contend that the Petition is time-barred under 28 U.S.C. § 2244(d), or in the alternative, Petitioner's claims are procedurally barred.

DISCUSSION

I. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). In pertinent part, the AEDPA provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C. § 2244(d)(1).

Petitioner was resentenced on October 3, 1997. Petitioner did not file a direct appeal of his newly imposed sentence. Thus, the limitation period began to run upon the expiration of the time for filing such an appeal. *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001) (stating that where petitioner did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired); *Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999) (stating that the limitation period begins to run at the expiration of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d   Page 2
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

time for filing a direct appeal if none is filed). Pursuant to 10 Del. C. § 147, Petitioner had thirty days in which to file his direct appeal or until November 2, 1997. *See also* Del.Supr. Ct. R. 6(a)(ii). Applying the one-year limitation period to this date, Petitioner was required to file his federal habeas petition on or before November 2, 1998.

**\*2** A petition is deemed filed on the date it is delivered to prison officials for mailing to the court. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Petitioner does not indicate the date on which the Petition was delivered to prison authorities for mailing. However, absent proof of mailing, this Court has held that the date of the signatures within the petition is the date on which the petition is deemed filed. *See Johnson v. Brewington-Carr,* Civ. Act. No. 99-181-JJF, mem. op. at 4 (D.Del. Feb. 22, 2000).

In this case, the Petition is dated February 5, 2003, which is well past the November 1998 filing deadline. Accordingly, the Court concludes that the Petition is time-barred under Section 2244(d), unless the limitation period has been statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### II. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court on October 10, 2000, nearly two years after the filing deadline for his federal habeas petition. Because the federal limitation period had already expired, it could not be tolled by the filing of Petitioner's post-conviction motion. *Downs v. Carroll,* 2003 WL 716597, \*1 (D.Del. Feb. 25, 2003) (collecting cases); *Whalen v. Kearney,* Civ. Act. No. 99-654-JJF, mem. op. at 5-6 (D.Del. Sept. 29, 2000). Accordingly, the Court concludes that the statutory tolling provision cannot render the Petition timely filed.

### III. Equitable Tolling

Additionally, the one-year period of limitation may be equitably tolled. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

**\*3** In the instant case, Petitioner fails to allege any extraordinary circumstances giving rise to equitable tolling. Petitioner suggests that he has difficulty communicating in English and received poor advice from "jail-house lawyers," and therefore, his Petition should be tolled. However, courts have recognized that the lack of proficiency in English and the lack of sound advice from others in prison are insufficient reasons to equitably toll the one-year limitation period. *See e.g. Tan v. Bennett,* 2001 WL 823869, \*2 (S.D.N.Y. July 20, 2001) (collecting cases); *Chan v. United States,* 2000 WL 1843290, \*2 (E.D.N.Y. Oct. 25, 2000); *Martinez v. Kuhlman,* 1999 WL 1565177, \*2,5 (S.D.N.Y. Dec. 3, 1999); *Nguyen v. Mervau,* 1998 WL 556628, \*2 (N.D.Cal. Aug. 24, 1998).

In addition, Petitioner alleges in a Reply To State's Answer that he is actually innocent of the crimes for which he was convicted. It appears to the Court that neither the United States Supreme Court nor Third Circuit have ruled on the question of whether actual innocence can equitably toll the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d       Page 3
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

one-year limitation period. However, even assuming actual innocence can toll the limitation period, the Court would conclude that Petitioner has not established a sufficient basis to support his claim of actual innocence. To succeed on a claim of actual innocence, the petitioner must demonstrate, in light of all the evidence, that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327-328 (1995). Petitioner contends that because of his problems speaking English, his lawyer did not understand his contention that he was the victim of mistaken identity. Petitioner contends that he and his brother resemble each other, and that his brother was actually responsible for the crimes for which Petitioner was convicted. Petitioner's claim, however, is untenable in light of the evidence adduced at trial. The drug transaction forming the basis of Petitioner's convictions involved the purchase of drugs by an undercover officer. (Petitioner's Appendix in *Morales III,* No. 233, 1996 (Del.1997) ( "Petitioner's App.") at A-5-9). The officer purchased three bags of heroin for forty dollars, and the money used by the officer was marked. Shortly after the transaction, the officer observed Petitioner leaving the residence from where the drugs were purchased. Petitioner was stopped by a patrol car, and one of the marked bills was found in Petitioner's possession. (Petitioner's App. at A-12-24). Petitioner was identified by the officer involved in the purchase transaction as the individual from whom the officer purchased the drugs, and evidence was also presented that Petitioner admitted to using drugs and selling to support his habit. (State's Appendix in *Morales III,* No. 233, 1996 at B-1). In these circumstances, the Court cannot conclude that the alleged resemblance between Petitioner and his brother would have made it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Accordingly, Petitioner has failed to demonstrate that equitable tolling is warranted, and therefore, the Court will dismiss the Petition as time-barred.

### IV. Certificate of Appealability

**\*4** The Court must next determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that reasonable jurists would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the Court has concluded that the Petition is barred by the one-year period of limitation. The Court is convinced that reasonable jurists would not debate otherwise. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court will dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Luis Morales, and deny the Writ of Habeas Corpus sought by Petitioner. In addition, the Court will not issue a certificate of appealability.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this *28* day of April 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.1) filed by Petitioner, Luis Morales, is DISMISSED and the Writ Of Habeas Corpus is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard under 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Morales v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1043723

Briefs and Other Related Documents (Back to top)

• 1:03CV00220 (Docket) (Feb. 24, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.