Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2004 WL 724958
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 724958
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Curtis ELLIOTT, Petitioner,
v.
Rick KEARNEY, Warden, Respondent.
**No. Civ.A. 02-205-KAJ.**

March 31, 2004.

Curtis Elliott, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

**\*1** Petitioner Curtis Elliott is presently incarcerated at the Delaware Correctional Facility ("D.C.C.") in Smyrna, Delaware. On March 18, 2002, Elliott filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, acting *pro se.* (D.I.1.) He has also filed a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.) For the reasons set forth below, the Court will deny Elliott's petition. (D.I.1.) The Court will also deny his motions as moot. (D.I. 37; D.I. 47; D.I. 55.)

II. PROCEDURAL AND FACTUAL BACKGROUND

On April 13, 2000, Elliott attacked Desiderio S. Perez with a knife. Consequently, Elliott was charged by information in the Delaware Superior Court with four offenses: possession of a deadly weapon during the commission of a felony, second degree assault, possession of a deadly weapon by a person prohibited, and misdemeanor theft. On October 26, 2000, Elliott, represented by counsel, pled guilty to second degree assault. In return, the State entered a *nolle prosequi* as to the remaining three charges.

On December 8, 2000, the Delaware Superior Court sentenced Elliott to eight years incarceration, suspended after four years for decreasing levels of probation. Elliott did not file a direct appeal. *See Elliott v. State,* No. 270, 2001, Order at ¶ 3 (Del. Aug. 23, 2001).

On April 17, 2001, Elliott filed his first motion for state post-conviction relief pursuant to Superior Court Criminal Rule 61, alleging ineffective assistance of counsel. (D.I. 13, Ex. G to State's Motion to Affirm in No. 270, 2001.) The Superior Court denied the motion on April 27, 2002. Elliott never appealed. (D.I. 13, Ex. H to State's Motion to Affirm in No. 270, 2001.)

In May 2001, Elliott filed a second Rule 61 motion. (D.I. 13, Exs. I and J to State's Motion to Affirm in No. 270,2001.) The Superior Court denied the motion, and the Delaware Supreme Court affirmed this decision on appeal. *See Elliott v. State,* No. 270,2001 (Del. Aug. 23, 2001); (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

The Delaware Superior Court denied Elliott's third Rule 61 motion. This decision was affirmed on appeal. *Elliott v. State,* No. 554, 2001 (Del. Feb. 4, 2002).

Currently before the Court is Elliott's petition for the federal writ of habeas corpus.

III. LEGAL PRINCIPLES GOVERNING EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

**\*2** (A) the applicant has exhausted the remedies available in the courts of the State; or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). However, a state can expressly waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996) ; *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255 263 (1989) ; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999) ; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999) ; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) ; *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

## IV. DISCUSSION

Elliott filed his habeas petition and supporting memorandum on March 18, 2002.[FN1] (D.I. 1; D.I.2.) He contends that his defense attorney provided ineffective assistance of counsel by failing to conduct DNA testing on the "alleged deadly weapon." (D.I. 1 at 5.) The State properly acknowledges that Elliott exhausted state remedies by presenting this argument to the Delaware Supreme Court in his second and third post-conviction appeals. *See* Op. Br. In No. 270, 2002 at 10; *Smith v. Digmon,* 434 U.S. 332, 333 (1978) ; *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

> FN1. Since then, Elliott has filed numerous documents in support of his petition, either titled as

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

traverses, memoranda in support, or even an amended petition. (D.I.29; D.I. 35; D.I. 38; D.I. 39; D.I. 41; D.I. 44). To the extent these documents merely support and expand the original ineffective assistance of counsel claim, the Court will consider them in its review.

A finding of exhaustion does not end the Court's inquiry, however, because a federal habeas court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer,* 864 F.2d 306, 310 (3d Cir.1989). Here, the State asks the Court to dismiss Elliott's petition as procedurally barred by the independent and adequate state law ground of Delaware Superior Court Criminal Rule 61(i)(2). (D.I. 10 at 2-4.)

The procedural default issue arises because Elliott did not raise his current ineffective assistance/DNA argument[FN2] in his first post-conviction motion. Instead, Elliott's first post-conviction motion alleged that his defense counsel provided ineffective assistance of counsel by not raising the issue of a conflict of interest between Elliott and the judge. (D.I. 13, Ex. G & Ex. H to the State's Motion to Affirm in No. 270,2001.) On April 27, 2001, the Superior Court denied this claim on the merits. (D.I. 13, Ex. H to the State's Motion to Affirm in No. 270,2001.)

> FN2. For ease of discussion, the Court will refer to Elliott's present ineffective assistance claim in this manner.

When Elliott did raise his ineffective assistance/DNA argument in his second post-conviction motion, the Superior Court denied the claim as procedurally barred under Rule 61(i)(2). Specifically, Elliott's failure to raise the issue in the first post-conviction motion barred him from raising it in his second post-conviction motion.[FN3] (D.I.13, Ex. A.) On appeal, the Delaware Supreme Court affirmed this decision, stating that "[t]o the extent Elliott's motion included claims that were not made in his previous postconviction motion, the motion was procedurally barred as repetitive [under Super. Ct.Crim. R. 61(i)(2) ]." *Elliott v. State,* No.270, 2001, Order at ¶ 4 & n. 5 (Del. Aug. 23, 2001).

> FN3. The Superior Court also concluded that Elliott's claim did not satisfy the "interest of justice" exception to procedural default. (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

**\*4** By applying the procedural bar of Rule 61, the Delaware Supreme Court articulated a "plain statement," under *Harris v. Reed,* 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. *See Ylst v. Nunnemaker,* 501 U.S. 797 (1991). This Court has repeatedly held that Rule 61(i)(2) constitutes an independent and adequate state procedural rule precluding federal habeas review. *Kirk v. Carroll,* 243 F.Supp.2d 125, 145 (D.Del.2003) ; *Maxion v. Snyder,* 2001 WL 848601, at \*12 (D.Del. July 27, 2001) ; *Carter v. Neal,* 910 F.Supp. 143, 149-50 (D.Del.1995). As such, federal habeas review of this claim is precluded unless Elliott establishes cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to hear this claim. *See* 28 U.S.C. § 2254(a) ; *Coleman v.. Thompson,* 501 U.S. 722, 750 (1991) ; *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Elliott alleges that, during the plea colloquy, the Delaware Superior Court and his attorney told him he could not appeal his guilty plea. He contends that this information prevented him from including the ineffective assistance/DNA argument in his first post-conviction motion.[FN4] (D.I.29.) In effect, Elliott is asserting that his counsel's statement and the Superior Court's statement regarding his right to appeal were an external factor constituting cause for his procedural default. However, Elliott has failed to demonstrate how this statement regarding an appeal prevented him from raising the ineffective assistance/DNA argument in his first post-conviction motion.

> FN4. To the extent Elliott argues that these statements constitute cause for his failure to raise this claim on appeal, the argument fails. In Delaware, ineffective assistance of counsel claims should not first be brought on direct appeal, but rather, in a Rule 61 motion for post-conviction relief. *Williams v. State,* 682 A.2d 627, at \* \*3 (Del.1996) (collecting cases). Any information regarding his right to appeal had no effect on his

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 4
Not Reported in F.Supp.2d, 2004 WL 724958
**(Cite as: Not Reported in F.Supp.2d)**

ability to bring a Rule 61 motion.

His contention is even more puzzling because the statement regarding his right to appeal obviously did not prevent him from filing the post-conviction motion in the first place. Moreover, despite his repetitive assertions that he is not a lawyer and does not understand the law, a lack of legal knowledge does not constitute cause for procedural default. FN5 *See Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002) ("cause cannot be based on the mere inadvertence of the petitioner ... to take an appeal"); *Desmond v. Snyder,* 1999 WL 33220036, at *19 (D.Del. Nov. 16, 1999).

> FN5. To the extent Elliott is alleging his counsel's ineffective assistance as cause for his failure to raise the issue in his first post-conviction motion, this contention fails. Ineffective assistance of counsel can only constitute cause for a procedural default if it rises to the level of a Sixth Amendment violation. *See Murray v. Carrier,* 477 U.S. at 488. Elliott had no right to representation during his post-conviction proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). His counsel's alleged failure to inform him of his right to raise issues in a Rule 61 motion therefore cannot establish cause for his procedural default. *Coleman,* 501 U.S. at 152; *Cristin,* 281 F.3d at 420.

Further, Elliott has not demonstrated actual prejudice resulting from his attorney's failure to provide DNA testing. FN6 He argues that prejudice is shown by the fact that he would not have pled guilty if his attorney had done the DNA testing because such testing would have established his innocence. *See generally Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (in a guilty plea context, petitioner must demonstrate how the errors of counsel undermined his decision to plead guilty). However, this conclusory statement does not demonstrate actual prejudice. "Mere allegations by a defendant that he would have ple[d] differently and insisted on going to trial are insufficient to establish prejudice." *Werts v. Vaughn,* 228 F.3d at 193; *Thomas v. Snyder,* 2001 WL 1297812, at *4 (D.Del. Oct. 3, 2001).

> FN6. Upon finding that Elliott has not established cause for his procedural default, the Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 752, 757; *Smith v. Murray,* 477 U.S. 527, 533 (1986). However, because Elliott has submitted numerous documents addressing the procedural default issue, the Court will address the prejudice issue.

**\*5** Moreover, the fact that Elliott derived substantial benefits from pleading guilty increases his burden in establishing prejudice. In exchange for his plea, the State dropped three charges: possession of a deadly weapon during the commission of a felony, possession of a deadly weapon by a person prohibited, and misdemeanor theft. If a jury convicted Elliott of these charges, he would have faced a jail term significantly greater than his eight year sentence.

Finally, to the extent Elliott argues that his attorney's failure to provide DNA testing prejudiced him because he entered his plea involuntarily, this argument fails. Elliott himself acknowledges that he knew prior to accepting the plea that his counsel had not conducted DNA testing on the weapon. However, he still decided to plead guilty. The Superior Court engaged in a thorough plea colloquy, affording Elliott numerous occasions to reject the the plea agreement. If, as Elliott now claims, he was dissatisfied with his attorney's failure to provide DNA testing, he could have mentioned this fact at the plea colloquy. Yet, Elliott told the Superior Court that he was satisfied with his legal representation. (D.I. 13, Ex. F at 6 to State's Motion to Affirm in No. 270,2001.) Elliott is bound by these statements made under oath in open court. *See Blackledge v. Allison,* 431 U.S. 63, 73-4 (1997) ; *Lesko v. Lehman,* 925 F.2d 1527, 1537 (3d Cir.1991).

The only other way for the Court to excuse Elliott's procedural default is under the "miscarriage of justice exception." Pursuant to this exception, a court may excuse a procedural default if the petitioner demonstrates actual innocence. *See Murray,* 477 U.S. at 496. However, the "miscarriage of justice" exception applies only in "extraordinary cases." *See Coleman,* 501 U.S. at 749.

As explained above, the record demonstrates that Elliott knowingly and voluntarily entered his guilty plea. Indeed,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 5
Not Reported in F.Supp.2d, 2004 WL 724958
**(Cite as: Not Reported in F.Supp.2d)**

Elliott specifically stated that he did, in fact, assault the victim with a knife. (D.I. 13, Ex. F at 5 to State's Motion to Affirm in No. 270,2001.) This "[s]olemn declaration in open court carr[ies] a strong presumption of verity" which is not overcome by Elliott's unsubstantiated claims of actual innocence. *Blackledge,* 431 U.S. at 73-74. As such, his assertions fail to demonstrate that the Court's refusal to review this claim will result in a fundamental miscarriage of justice.

In short, the Court concludes that Elliott has failed to provide a reason excusing his procedural default. Accordingly, his federal habeas petition will be dismissed as procedurally barred.

### V. MOTIONS

In addition to his habeas petition, Elliott has filed three motions: a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.)

It is well settled that a petitioner does not have a Sixth Amendment right to counsel in a habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ; *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). However, a district court may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c), 28 U.S.C. *foll.* § 2254. As explained above, the Court is dismissing Petitioner's § 2254 petition. In these circumstances, the "interests of justice" do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Thus, the Court will deny this motion, and his concurrent request for DNA testing, as moot.

**\*6** Similarly, because the Court has reviewed Elliott's habeas petition and has concluded that federal habeas review is procedurally barred, the Court will deny Elliott's motions for summary judgment and for issuance of the writ under 28 U.S.C. § 2243 as moot.

### VI. CERTIFICATE OF APPEALABILITY

Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Elliott's claims are procedurally barred. Reasonable jurists would not find this conclusion unreasonable. Consequently, Elliott has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### VII. CONCLUSION

For the foregoing reasons, the Court will deny Elliott's § 2254 petition, and finds no basis for the issuance of a certificate of appealabilty. An appropriate order will follow.

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:
  1. Curtis Ellliot's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.1.) is DENIED.
  2. Curtis Elliott's motion for the appointment of counsel and DNA testing is DENIED as moot. (D.I.37.)
  3. Curtis Elliott's motion for summary judgment is DENIED as moot. (D.I.47.)
  4. Curtis Elliott's motion for issuance of the writ under 28

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 6
Not Reported in F.Supp.2d, 2004 WL 724958
**(Cite as: Not Reported in F.Supp.2d)**

U.S .C. § 2243 is DENIED as moot. (D.I.55.)

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2004.
Elliott v. Kearney
Not Reported in F.Supp.2d, 2004 WL 724958

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.