IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALONZO CANNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-577-GMS |
| | ) | |
| THOMAS L. CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

Alonzo Cannon. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

**MEMORANDUM OPINION**

October 17, 2006
Wilmington, Delaware

SLEET, District Judge

## I. INTRODUCTION

Petitioner Alonzo Cannon ("Cannon") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss Cannon's § 2254 petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2000, two probation officers and two police officers knocked on the door of an apartment located in Laurel, Delaware. A woman answered the door, and the officers informed her that they were looking for Cannon, who was in violation of his parole-mandated curfew by not being at his own home after 10 p.m. The officers explained that they thought that Cannon frequently visited the apartment. The woman told the officers that she did not think Cannon was in the apartment but she stated, "you can come in and check if you want to because I have no reason to lie." The woman then led the officers through each of the apartment's rooms. When she reached the door to her 15 year old daughter's bedroom, she discovered that the door was locked. The woman opened the door with hanger, and the officers discovered the 15-year-old girl and Cannon naked and in bed together. The girl admitted that she had snuck Cannon into the apartment and her room earlier in the evening. Cannon's clothes were at the foot of the bed and a man's jacket lay on the floor by the doorway. Officer Gary Layfield gave Cannon *Miranda* warnings. The officers searched the man's jacket pockets and found eleven individually wrapped bags of marijuana and twelve individually wrapped bags of cocaine. The officers then asked Cannon if he owned the jacket. Cannon initially denied owning the jacket

1

and stated it belonged to the girl's 15-year-old brother. Cannon ultimately admitted the jacket belonged to him. *Cannon v. State*, 790 A.2d 475 (Table), 2002 WL 188328, at *1 (Del. Jan. 31, 2002).

On April 25, 2001, a Delaware Superior Court jury convicted Cannon of possession with intent to deliver cocaine, possession with intent to deliver marijuana, possession of cocaine within 1000 feet of a school, possession of marijuana within 1000 feet of a school, criminal impersonation, and possession of drug paraphernalia. The Superior Court sentenced Cannon to 41 years incarceration at Level V, suspended after serving 18 years for 23 years of declining levels of probation. *See State v. Cannon*, 2004 WL 1551500, at *1 (Del. Super. Ct. June 16, 2004). The Delaware Supreme Court affirmed Cannon's convictions and sentences on direct appeal. *Cannon*, 2002 WL 188328, at *2.

In May 2003, Cannon filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") in the Superior Court. The Superior Court denied the Rule 61 motion on June 16, 2004. *Cannon*, 2004 WL 1551500, at *6. Cannon appealed, and the Delaware Supreme Court denied the appeal as untimely. *Cannon v. State*, 858 A.2d 960 (Table), 2004 WL 1965585 (Del. Aug. 27, 2004).

Cannon filed the instant petition in August 2005, asserting the following claims: (1) trial counsel provided constitutionally ineffective assistance of counsel; (2) the prosecutor engaged in misconduct by vouching for the credibility of three witnesses, allowing perjured testimony to go uncorrected, and using false testimonial evidence; (3) a police officer committed perjury at trial; and (4) the police did not administer *Miranda* warnings or administered defective *Miranda* warnings. (D.I. 1.)

The State filed an answer asserting that the petition is untimely. (D.I. 8.)

## III. DISCUSSION

### A. One Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Cannon's § 2254 petition, filed in 2005, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Cannon does not allege, and the court does not discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Cannon's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does

not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed to file a petition for certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Cannon's conviction and sentence on January 31, 2002, and the ninety-day period for seeking certiorari review expired on May 1, 2002. Therefore, the one-year limitations period began to run on May 2, 2002, and, to be timely, Cannon was required to file a § 2254 petition by May 2, 2003. *See Wilson v. Beard,* 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) applies to the calculation of the AEDPA's one-year limitations period); *see, e.g., Harris v. Snyder,* 2002 WL 47895 (D. Del. Jan. 11, 2002).

Cannon did not file the instant habeas petition until August 8, 2005.[1] Therefore, his habeas petition is time-barred and should be dismissed, unless the time-period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations

---

[1] A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). Cannon's § 2254 petition is dated August 6, 2005, and presumably, he did not deliver it to prison officials for mailing prior to that date. Consequently, the court adopts August 6, 2005 as the filing date.

period during the time the time the action is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).

Here, Cannon filed a Rule 61 motion in the Superior Court on May 2, 2003, the very last day of AEDPA's limitations period. The Superior Court denied the motion, and Cannon appealed. However, because the Delaware Supreme Court denied the appeal as untimely,[2] Cannon never "properly filed" his appeal from the denial of his Rule 61 motion. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Consequently, Cannon's Rule 61 motion tolls the limitations period from May 2, 2003 through July 16, 2004, the date on which the thirty-day period for filing a timely state post-conviction appeal expired; the Rule 61 motion does not toll AEDPA's limitations period for the remaining period during which Cannon's untimely post-conviction appeal was pending before the state supreme court. *See Eley v. Snyder*, 2002 WL 441325, at *2-3 (D. Del. Mar. 21, 2002); *Swartz*, 204 F.3d at 424.

When the limitations clock started to run again after July 16, 2004, Cannon had one day to file a timely habeas petition. Cannon, however, waited more than one year to file the instant petition. Thus, applying the statutory tolling provision of § 2244(d)(2) does not render Cannon's petition timely.

### C. Equitable Tolling

The Third Circuit has held that AEDPA's limitations period may be subject to equitable tolling in limited circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir. 1998); *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder*,

---

[2] Cannon filed his notice of appeal on July 21, 2004, but in order to be timely under Delaware Supreme Court Rule 6, the notice of appeal had to be filed on or before July 16, 2004. *Cannon*, 2004 WL 1965585, at *1.

5

2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Cannon does not assert that any extraordinary circumstances prevented him from timely filing his habeas petition. To the extent Cannon's untimely filing of the instant petition was due to a mistake in computing AEDPA's limitations period, that mistake does not justify equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Thus, the court concludes that equitable tolling is not warranted in this case, and the court will dismiss Cannon's petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that Cannon's petition for habeas relief is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Cannon's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALONZO CANNON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-577-GMS |
| ) | |
| THOMAS L. CARROLL, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

At Wilmington, this 17th day of October, 2006, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Alonzo Cannon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.1.)

2. A certificate of appealability will not be issued for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

UNITED STATES DISTRICT JUDGE



FILED

OCT 17 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE